Clara B. SANTOS et vir, Appellants,

v.

Paul IRICK et al., Appellees.

No. 12873.

Court of Civil Appeals of Texas.

Galveston.

Oct. 13, 1955.

Marion H. Gibbons, Houston, for appellants.

Dan Walton, Dist. Atty., and Edwin G. Moorhead, Asst. Dist. Atty., Houston, for appellees.

CODY, Justice.

This was a suit by Mrs. Clara B. Santos joined by her present husband, Amado Mendez Santos, against Paul Irick, Chief Probation Officer of Harris County, and also against Charles Vincent MacDonald, a former husband of Mrs. Santos, seeking the custody of Gail Elizabeth MacDonald, who is now some three years old and who is the child of the former union of Mrs. Santos with Mr. MacDonald.—Mrs. Santos will hereafter be called plaintiff and Mr. MacDonald, though only co-defendant, will hereafter be called defendant.

On March 2, 1954, plaintiff obtained a divorce from defendant in Harris County and in that proceeding the custody of their child was awarded her with rights of visitation granted defendant. Three weeks later defendant brought an action for the custody of the child in the Court of Domestic Relations of Harris County. Thereafter both parties married. Then on August 28, 1954, defendant forcibly took custody of the child, following which plaintiff brought suit for the custody of the child and such suit was transferred to the afore-

said Court of Domestic Relations. In that court on September 21, 1954, the court, trying the case without a jury, awarded the custody of the child to Paul Irick; Chief Probation Officer of Harris County, and gave the right of visitation to both parents. No appeal was taken from that judgment.

At this point it is proper to state that both plaintiff and defendant had been married before they were married to each other. Plaintiff married one James R. Fairbanks on May 7, 1944, by whom she had three children, and their custody was awarded to her when she divorced Fairbanks. She still has the custody of her Fairbanks children.

On December 3, 1954, plaintiff instituted the present suit for the custody of the MacDonald child. This suit was seasonably transferred to the aforesaid Domestic Relations Court. On December 21, 1954, that court, trying the case without a jury, rendered judgment continuing the custody of the child in the Chief Probation Officer of Harris County.

In this connection, it should be noted that in addition to the testimony of the witnesses called to testify at the trial of December 21, 1954, all of the evidence which had been presented to the court on the trial of September 21 was, by agreement of the parties, considered by the court. This evidence included ex parte statements by persons who had been interviewed by representatives or investigators of the Probation Department of Harris County as well as other matters discovered by said investigators. Among such ex parte statements were those by plaintiff and defendant. The aforesaid ex parte statements and the investigations form a part of the statement of facts which has been brought up. Apparently most of the other evidence produced at the trial of September 21, as well as most of the evidence produced at the trial of December 21, 1954, has been included in said statement of facts.

In response to plaintiff's request, the court filed conclusions of fact and law. Said conclusions did not satisfy plaintiff and she requested some 22 additional findings of fact.

Plaintiff has predicated her appeal upon 13 formal points. Her first point is that the court erred in refusing to file additional findings of fact in place of the court's Findings Nos. 13, 16 and 16 (second).

The court's 13th finding of fact was to the effect that " * * * the home of the plaintiff was completely demoralized as the result of the numerous marriages and divorces and the difficulties attendant to readjustments of her relations to her former husband, to her present husband, and to her child, Gail Elizabeth MacDonald."

The court's 16th finding of fact is that the " * * * plaintiff herein due to the conditions in her home, is not a proper person at this time to have the care and custody of said Gail Elizabeth MacDonald."

The court's second paragraph of Finding of Fact numbered 16 is " * * * that while there has been some recession in the drinking habits of the plaintiff since the hearing held herein of the 21st day of September, 1954, that the conditions in plaintiff's home have not materially changed since the entry of that judgment, and Paul Irick, Chief Probation Officer, Harris County, Texas was given custody of the child, Gail Elizabeth MacDonald."

Plaintiff's motion for additional findings relative to Findings 13, 16 and 16 (second), were as follows: "10. To find exactly just what difficulties and exactly what readjustments the plaintiff had to make or has to make in her relations to her present husband and her child, Gail Elizabeth MacDonald, as found by the Court in paragraph 13 * * *."

"11. To find whether or not the Decree of Divorce entered by the 129th Judicial District in Cause No. 430,608 on 22nd day of February, 1954, [divorcing plaintiff and defendant] was adequate to take care of the readjustment of the plaintiff to Charles Vincent MacDonald [defendant] in their relations."

"12. To find in what way or ways the home of plaintiff is or was demoralized completely, such as lack of food, clothing, shelter, income, love, etc. as found by the court * * *."

"13. To find just what conditions in the plaintiff's present home makes her an improper person at this time to have the care and custody of her 3 year old baby girl, Gail Elizabeth MacDonald, as found by the Court in paragraph 16 * * *."

"14. To find what type of drinking habit or habits plaintiff is found to have since the hearing on the 21st day of September, 1954, and find how much of a recession of the unnamed drinking habit or habits has taken place as found in the second paragraph 16 * * *."

■ The very form of the foregoing requests for additional fact findings argues that plaintiff has a mistaken view that the court, in making findings adverse to her, becomes, as it were, an adverse witness or party and so must submit to cross examination with reference to such findings. It is true that the judge must, upon a proper request, make findings upon every material issue raised by the pleadings and evidence. But he is not "required to make findings on evidentiary as distinguished from controlling matters." Plaza Co. v. White, Tex.Civ.App., 160 S.W.2d 312, 313 (writ refused).

■ Plaintiff has boldly asserted that no witness testified at the hearing on December 21, 1954, that she was an alcoholic. This may indeed be true but the testimony received by the court on that date, as heretofore stated, was not all the evidence before the court. The purpose of the trial of December 21, 1954, was to determine whether the conditions in plaintiff's home had materially changed since September 21, 1954, when the custody of the child was taken over by the court through its representative, the chief probation officer of Harris County. The only amelioration to such conditions which the court found was that plaintiff did not then drink as heavily. The court's ultimate fact findings Nos. 13, 16, and 16 (second) are amply supported by the evidence before the court. The testimony introduced by plaintiff on the trial on December 21, 1954, was in the nature of rebuttal evidence of that introduced by defendants at both trials. In other words, the court in effect found that plaintiff failed to discharge her burden of proof to show change of conditions since the September trial.

We are at a loss to account for plaintiff's conclusion that there was no evidence before the court to support the court's conclusion that her home, as the same is being maintained, is not a fit place for the child, unless she bases this conclusion upon her claim that certain evidence was wrongfully brought up and should be stricken. We consider this contention in discussing the following point.

■ Plaintiff's second point is to the effect that the court erred in ordering plaintiff to additionally request testimony to be included in the statement of facts and brought up which was desired by defendants and not desired by her to be brought up in the statement of facts. Of course, such evidence as the plaintiff did not request to be brought up and which the defendants thought proper to be included should have been ordered by the defendants. See Texas Rules of Civil Procedure, Rule 377. The court no doubt erred in requiring plaintiff to bring up evidence which she did not desire brought up, and this for the benefit of defendants. But the evidence in question was decisive in supporting the court's judgment continuing the custody of the child in the Chief Probation Officer. Just what remedy is and was open to plaintiff, for erroneously being required to bring up evidence which only defendants desired to be brought up, we need not inquire. But the evidence, however irregularly brought up, is lawful evidence and evidence which the court or the Chief Probation Officer could have brought up directly. It was only by indirection and through a mistake in procedure that the Chief Probation Officer had the court to require plaintiff to bring up such evidence.

It is essential to the proper determination of the child's welfare that this evidence be considered. The penalty, if any, which should be assessed for the irregularity of the method of bringing up said evidence, might perhaps take the form of assessing costs against defendants. But the only point raised by plaintiff is that the evidence so brought up should be barred from consideration. The point is overruled.

The plaintiff's remaining points of error complain of the court failing to make the additional findings of fact she requested, and complain that there was no evidence in the record to support the ultimate findings of fact found by the court. What we have said with respect to plaintiff's request for additional findings of fact, which have been specifically set out above, applies generally to all of her requests for additional findings of fact.

The court made no reversible error and the judgment is affirmed.