**Robert GARNER, Appellant,**

v.

**CITY OF HOUSTON et al., Appellees.**

**No. 13426.**

Court of Civil Appeals of Texas.

Houston.

April 30, 1959.

Dougal C. Pope, Houston, for appellant.

R. H. Burks, City Atty., Charles F. Weaver, Asst. City Atty., Joe Resweber,

County Atty. of Harris County, and Felix Salazar, Jr., Asst. County Atty., Houston, for appellees.

BELL, Chief Justice.

Appellant sued the City of Houston and the County of Harris, alleging that they jointly operated Jefferson Davis Hospital; that appellant on September 26, 1955, was involved in an automobile collision, the other automobile being driven by Robert S. Paden; that the injuries received by him in the accident required that he be confined in Jefferson Davis Hospital for 44 days; that thereafter he filed suit in the District Court of Harris County against Paden to recover his damages for the injuries he received; that in January, 1958, he settled this suit for $2,100; that the insurance carrier issued one check in the amount of $811.70 payable to appellant, his attorney and Jefferson Davis Hospital; that prior to the settlement the hospital representatives had filed a lien in the Hospital Lien Records of Harris County, claiming a lien on the proceeds of any recovery that should be had by appellant from Paden, to the extent of the hospital charges of $811.70; that under Article 5506a, Vernon's Ann.Civ. St. the lien for hospital services is allowed only to secure the regular and reasonable charges; that the charges made appellant were exorbitant; that it was the customary practice of Jefferson Davis Hospital to render such services to persons in appellant's financial circumstances free of charge; that appellant, prior to his injury was a carpenter's helper, earning $70 per week; that appellant was unable to pay the hospital bill and had not been able to pay same since his accident because he had been totally disabled and had been unable to do any work. His amended petition was filed July 9, 1958. Appellant prayed specifically that judgment be entered cancelling the debt alleged to be owed and cancelling the hospital lien. This specific prayer was followed by a general one asking that appellant be given such further relief as he might be entitled to.

Various questions raised by the appellees' answer need not be noticed as they are not involved in this appeal.

Appellees filed an unsworn motion for summary judgment stating that appellant's suit was to set aside a hospital lien; that the lien created by Article 5506a had been filed by the appellees; that the appellant had been hospitalized for 46 days in Jefferson Davis Hospital and charges of $811.70 were incurred for services rendered; that appellant and Paden had settled their law suit for $2,100; that appellees had a lien on this amount; and, there was no genuine issue of fact involved.

Appellant filed an unsworn reply, in which he asserted fact issues existed on whether the charges made were reasonable and regular charges. The court granted the motion and entered judgment that plaintiff take nothing and adjudging that the lien was a valid lien. No evidence was introduced, but the court's judgment states that the judge had read the pleadings. The case was decided on the basis of the pleadings.

Appellant contends the court erred in rendering judgment against him because there were fact issues on whether the charges made were reasonable and regular. He contends that the charges made were exorbitant, and that no charges against appellant are sustainable because the customary practice of appellees is to render services free to persons in appellant's financial condition.

Appellees contend that while appellant in effect sets up two causes of action, to wit: that the charges are exorbitant, and that it was customary not to charge persons in appellant's financial circumstances; that appellant limited himself by his specific prayer for cancellation of the alleged debt and lien. They further contend that appellant has not shown an interest in himself in the $811.70, but the insurance carrier has assumed to pay this amount and it makes no complaint about the charges. Too, they say the trial court could take judicial notice that the charges of $7 and

$8 per day for a room was reasonable, since Article 5506a authorizes as much as $15 per day.

■ We have concluded that the trial court erred in rendering judgment for appellees on their motion for summary judgment because there were genuine fact issues to be determined.

■ Apart from appellant's contention that he should have received services free, the most that appellees could claim against appellant is the reasonable charges that are customarily made. We think the allegations in appellant's petition that the charges were exorbitant are the equivalent of saying they were unreasonable. What are reasonable amounts to be charged are fact questions.

■ We are unable to agree that the specific prayer for cancellation of the whole debt and the lien would prevent the rendition of a judgment cancelling only a part of the debt which would carry with it the extent of the security, that is, the lien. Though he might not on the evidence introduced on a trial be entitled to a cancellation of the whole debt, he would be entitled to a cancellation of so much as was in excess of that which was reasonable. The prayer for cancellation of the whole is not inconsistent with a cancellation of a part. The whole includes the items of which it is composed and a prayer for the cancellation of the whole encompasses a prayer to cancel parts.

■ We cannot agree that the trial court could have taken judicial notice of the reasonableness of the charges. We know of no cases, and have been cited to none, which hold a court may take judicial notice of what are reasonable charges for services rendered, except attorneys' fees. The reason for the apparent exception of attorneys' fees is because of the knowledge the judge of the court as a lawyer has in common with lawyers generally in a community as to the reasonableness of fees

charged by attorneys. The case of Gomillion v. Lingold, 209 S.W.2d 205, decided by this Court, is not applicable. There the court did not decide what the market value of a secondhand car was. It merely stated the court would judicially notice that a secondhand automobile had a less market value than a new car.

■ But, appellees say, since the charges made for the room were only about one-half of the $15 per day allowed by Article 5506a, we can judicially notice the charges were reasonable. This article does not purport to set up $15 as a reasonable charge. It purports to set this amount of a daily charge for a room as the maximum for which a lien will attach, just as it limits a lien for services rendered for the period of 100 days.

However, even if appellees were correct in their contention as to the reasonableness of the charges for the room, there would still remain the question as to whether the charges made for other numerous services were reasonable.

■ We are further of the view that there was a fact issue as to whether appellees regularly or customarily made no charge for services to persons in appellant's financial condition. We, of course, do not know what the practice is. We do judicially know that Jefferson Davis Hospital is maintained jointly by appellees as a charity hospital for the care of the indigent who are ill. Article 5506a provides for a lien to secure the "reasonable and regular" charges that are made for services. We feel that by the term "regular" the legislature meant charges should be those usually and customarily made. For there to be a lien, the charges secured must be both reasonable and must be those usually and customarily made for persons situated as appellant. Though the charges be reasonable, if they were not usually and customarily made for services rendered to one in appellant's financial condition, there would be no lien. It is no answer to say that

the allegations show the insurance carrier was paying the charges. Actually the allegations show that for the loss sustained by appellant he was paid $2,100. Assuming there was a lien, the insurance carrier was merely protecting itself by making a check payable both to the lien claimant and appellant. If there was no debt, or, if the debt was less than appellees' claim, the part of the $2,100 not legally owing appellees would belong to appellant.

There being fact issues to determine, the trial court erred in rendering a summary judgment against appellant.

The judgment of the trial court is reversed and the cause is remanded for trial on the merits.