**CITY OF HOUSTON et al., Appellants,**

**v.**

**Frances F. BULLARD et al., Appellees.**

No. 13886.

Court of Civil Appeals of Texas.

Houston.

Feb. 1, 1962.

R. H. Burks, City Atty., Charles F. Weaver, Asst. City Atty., Joe Resweber, County Atty., Felix Salazar, Jr., Asst. County Atty., Houston, for appellants.

Eugene A. Smith, Houston, for appellees.

COLEMAN, Justice.

This is an appeal from a judgment declaring invalid and cancelling from the public records certain liens which the Jefferson Davis Hospital, a city-county hospital located in Houston, Texas, claimed by reason of Article 5506a of Vernon's Ann. Revised Civil Statutes of Texas.

Art. 5506a, R.C.S., provides in part:

"Section 1. Every association, individual, corporation, or other institu-

tion maintaining a hospital or clinic rendering hospital services in the State of Texas shall be entitled to a lien upon any and all rights of action, suits, claims, * * *, or demands of any person admitted to any hospital and receiving treatment, care and maintenance therein, on account of any personal injuries received in any accident as the result of the alleged negligence of any other person or firm * * *, which any such injured person may or shall have, assert, or maintain against any such other person * * * for damages on account of such injuries, for the amount of the charges of such hospital or clinic for such treatment, * * *.

"Sec. 2. The lien of any such hospital shall also attach to any * * * judgment, or final order made or rendered in any action or proceeding, in any court in Texas, * * * as well as the proceeds of any settlement thereof, or the settlement of any such claim * * * effected by any such injured person or other person entitled thereto * * *.

"Sec. 3. No release of any claim or demand on account of any such injuries, * * * executed by any such injured person, or by any person entitled thereto, shall be valid or effectual between the parties thereto or otherwise, unless prior to the execution and delivery thereof, all such charges of any such hospital or institution or clinic, furnishing hospital services, which has filed its, his, or their lien as hereinafter provided, shall have been paid in full, or to the extent of a full and true consideration paid and given to the injured person by the other party or parties to such release * * *; provided such hospital, institution, or clinic furnishing said services does not charge more than a reasonable and regular rate for such services, in no event to exceed Fifteen ($15.00) Dollars per day for room charge for not longer than one hundred (100) days; provided that a notice in writing * * * shall be filed in the office of the County Clerk of the county in which such injury shall have occurred, prior to the payment of any moneys to such injured person or his legal representative or other person entitled thereto as damages for or on account of such injuries. * * *"

Tom Bullard and Frances F. Bullard were injured in an automobile accident and were taken to Jefferson Davis Hospital for emergency treatment and subsequent care. Tom Bullard died while in the hospital and Frances F. Bullard was removed from the hospital after receiving treatment for 22 days. A suit was filed on behalf of Frances F. Bullard for the damage suffered by her as a result of the accident. Jefferson Davis Hospital filed a legally sufficient notice in writing with the County Clerk of Harris County claiming a lien for charges for hospital services in the amount of $1263.40 rendered to the Bullards.

Appellee contended that no lien accrued to the hospital and that the notices should be cancelled from the public records because the rates charged by the hospital were not reasonable and were not the regular rates charged to people situated as were the Bullards for the services rendered. The trial court sustained this position by his findings of fact and conclusions of law and rendered judgment "cancelling and holding for naught the said debts and hospital liens * * * and that said hospital liens as filed in the County of Harris, Texas, be and the same are hereby cancelled as to the Plaintiff, Frances F. Bullard."

Only two witnesses testified, both called by appellee. It was established by the testimony of O. Z. Bullard that his parents had an income less than $100.00 per month; that his father received a social security check and lived on its proceeds by choice

although he might have been able to secure a job paying as much as $50.00 a week. He was 72 years of age at the time of the accident.

Mrs. Ethel Loper, an employee of Jefferson Davis Hospital, testified that the hospital investigated the financial resources of its patients and classified them as pay patients or charity patients. She testified that if the family income was less than $125.00 per month or if an individual's income was less than $100.00 per month under the standards established by the City-County Board in charge of the hospital, the patient was classified as a charity patient. She further testified, however, that each case was considered individually and that an investigation was made to determine whether or not there was a possibility of obtaining payment of their charges. She testified that people receiving old age assistance payments were never charged for treatment except in automobile accident cases; that all persons admitted for treatment for injuries resulting from such accidents were admitted as pay patients, but that if investigation revealed no likelihood of collecting the charges, this fact was reported to the Board and the charges were written off the hospital books. She testified that the Bullards were admitted as pay patients, although she had information that they were recipients of old age assistance, since they were injured in an automobile collision, and that the charges made for services rendered them were the usual and customary charges that are usually made for like and similar services rendered. She testified that it was the usual and customary policy and procedure of Jefferson Davis Hospital to charge all patients who are admitted to the hospital for treatment of injuries sustained in automobile accidents. Itemized hospital bills and the hospital admission records showing admission of the Bullards as pay patients were introduced into evidence.

The trial court found as a fact that the charges made were unreasonable and exorbitant in as far as these people were concerned and were not those usually and customarily made to people in their financial condition. He further found that the hospital customarily rendered medical treatment and services free "to persons in the Bullard's financial condition." These findings are supported by the testimony except in so far as they are contradicted by the unimpeached testimony that it was the policy of the hospital to admit all persons injured in automobile accidents as pay patients; to make charges for services furnished such persons, which were written off if it was determined that the patient was indigent and that there was no insurance from which a recovery of the charges could be obtained.

The evidence shows that it was the policy of the hospital to furnish services to only two general classes of persons, indigent persons and persons requiring emergency treatment. Charges were made for the treatment of all persons admitted for emergency treatment. The Bullards were admitted for emergency treatment. The charges made for the services rendered the Bullards were the usual and customary charges made for similar services. There is no testimony that the amount charged the Bullards for any specific service was unreasonable or different from the usual and customary charge for that service, nor that the account was in any respect different from that which would have been rendered by any other hospital.

We cannot say that the policy of the hospital in classifying indigent persons receiving treatment for injuries resulting from automobile accidents as pay patients, while classifying indigent persons receiving treatment for illnesses not necessitating emergency treatment as charity patients is so harsh and unreasonable as to constitute discrimination. Art. 5506a. Nor can we hold it beyond the power of the hospital to charge and collect reasonable compensation for services rendered in accordance with policies established by its governing board. Arts. 4486 and 4492,

V.A.T.S. There is no evidence from which the court could conclude that the charges made were in excess of the amount allowed by Art. 4486, supra.

■ In making these findings of fact the trial court gave no weight to the testimony that the hospital customarily made charges in all emergency cases. While the witness was an employee of the hospital, the testimony was clear and direct and unequivocal. There was no testimony to the contrary and nothing in any of the testimony indicating that the policy of the hospital in this respect was not accurately related by the witness. There was no attack made on the credibility of the witness.

The Supreme Court of Texas in the case of Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, held:

"It is the general rule that the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury. But there is an exception to this rule, which is that where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law. Springfield Fire & Marine Ins. Co. v. Wm. Cameron & Co., Tex.Civ.App., 96 S.W.2d 788, and numerous authorities there cited * * *. The opinion in the case just cited correctly states the law."

■ The findings of fact Nos. 12, 21, 22, 23 and 24 are contrary to the undisputed testimony and must be set aside. Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156; Peaslee–Gaulbert Corp. v. Hill, Tex.Civ. App., 311 S.W.2d 461. Appellant's points numbers 30, 31, 32 and 33, complaining of the failure of the trial court to make re-quested findings of fact, are sustained by reason of the fact that these requested findings go to material issues in the case and are established by the evidence as a matter of law. Santos v. Irick, Tex.Civ. App., 283 S.W.2d 251; Cochran v. Wool Growers Central Storage Company, supra. In view of our holding that those findings of fact noted above must be set aside, the conclusion of law of the trial court is not properly supported by findings of fact and is erroneous. Korkmas v. Ham, Tex. Civ.App., 141 S.W.2d 433. The judgment of the trial court must be reversed. However, it appears that this case probably was not fully developed at the trial because of a misinterpretation of our opinion in Garner v. City of Houston, Tex.Civ. App., 323 S.W.2d 659. Accordingly, instead of rendering judgment, we remand for a new trial. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458.

Reversed and remanded.