**BAYLOR UNIVERSITY MEDICAL CENTER, Appellant,**

v.

**The TRAVELERS INSURANCE COMPANY, Appellee.**

No. 19896.

Court of Civil Appeals of Texas, Dallas.

Aug. 29, 1979.

Rehearing Denied Oct. 2, 1979.

Catherine A. Gerhauser, Burford & Ryburn, Dallas, for appellant.

Michael L. Parham, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

CARVER, Justice.

This appeal concerns the "Hospital Lien Statute," Tex.Rev.Civ.Stat.Ann. art. 5506a (Vernon 1975). Baylor sued Travelers to enforce liens for services to a patient arising from an accident with a driver who was insured by Travelers. Travelers settled with the injured patient, but ignored Baylor's liens. The trial court allowed Baylor's lien for the first hospital admission but found it was discharged by payments from the patient and his insurer. Baylor appeals the denial of relief on the patient's second, third, and fourth admissions on the ground that such admissions were shown to be necessary for treatment of injuries arising from the accident and thus falling within the ambit of article 5506a. Travelers, by crosspoints, complains of the trial court's admission of hospital records, admission of testimony from a filed, but unsigned, deposition, and admission of alleged inadmissible opinion evidence on the reasonableness of the hospital charges. We reverse the judgment that Baylor take nothing and render judgment for Baylor. We hold that since the first hospital admission was within the seventy-two hour period required by the statute and all admissions were necessary due to injuries sustained in the accident, the payment of these hospital charges are secured by the hospital's liens. We further hold that the trial court's admission of evidence about which Travelers complains was correct.

Jewel Chester Denmark was involved in an automobile accident in Rockwall County with John Oliver Culpepper. Denmark was immediately admitted to Baylor Hospital in Dallas County for treatment for the injuries he received in the accident. He was released but later re-admitted on three additional occasions for treatment relating to the same injuries. After each admission, a lien for the accrued charges was perfected by filing a claim in Rockwall County where the accident occurred in accordance with the statute. Meanwhile, Denmark was pursuing a claim for his injuries against Culpepper and Culpepper's insurance carrier, Travelers. While these parties were negotiating a settlement, Baylor informed Travelers of its hospital liens and furnished copies of them to Travelers. Nevertheless, Travelers paid $10,000 to Denmark in settlement without deducting the funds secured by these liens.

The trial court found that Denmark's first admission to Baylor was protected by its lien, but no recovery was given because payments by Denmark and his personal insurance carrier exceeded the bill for the first admission. The trial court concluded that the second, third, and fourth admissions were not protected by the lien because the subsequent admissions of Denmark to Baylor did not occur within seventy-two hours of the accident. Baylor urges the trial court erred in the construction given a proviso in article 5506a § 1:

Section 1. Every association, individual, corporation, or other institution maintaining a hospital or clinic rendering hospital services in the State of Texas shall be entitled to a lien upon any and all rights of action, suits, claims, counter claims, or demands of any persons admitted to any hospital and receiving treatment, care, and maintenance therein, on account of any personal injuries received in any accident as the result of the alleged negligence of any other person or firm or corporation or joint stock association, his, its, or their agent, servant or employee, which any such injured person may or shall have, assert, or maintain against any such other person or firm or corporation or joint stock association for damages on account of such injuries, for the amount of the charges of such hospital or clinic for such treatment, care and maintenance as may have been given to the injured persons. *Provided the lien provided for herein shall not exist or attach unless the injured person is received in a hospital within seventy-two (72) hours after the happening of the accident causing the injury,* [in which case both the admitting hospital and any hospital to which such injured person may be transferred from the admitting hospital for subsequent treatments of the same injuries for which he was originally admitted shall be entitled to such line.] (Emphasis added, bracketed clause added to the 1933 Act by 1953 amendment).

The undisputed record reflects that Denmark was admitted to Baylor within seventy-two hours of the accident but the nature of his injuries, the variety of the necessary treatment, and the human body's own need to alternately endure repair and recuperation resulted in the successive admissions for treatment "of the same injuries for which he was originally admitted." We find the trial court construed the proviso too narrowly and out of context with the whole legislative act. Article 5506a, as a whole, has been construed by this court in *Baylor University Medical Center v. Borders,* 581 S.W.2d 731 (Tex.Civ.App.—Dallas 1979, no writ) holding: "The legislature's intent in passing the statute was to provide for payment to the hospital in situations such as this. Giving the hospital a separate cause of action to satisfy its lien insures that an accident victim will receive aid and that the hospital will be reimbursed for its services, thus reducing hospital costs." *Borders* also provides a guide for statutory construction: "(1) the court must be governed by the rule of common sense; (2) the intention of the Legislature in enacting a statute is the statute itself and the aim and object of construction is to ascertain and enforce legislative intent and not to defeat, nullify or thwart it; (3) the court must construe a statute as written and, if possi-

ble, ascertain its intention from the language used therein and not look for extraneous matters to be used as a basis for reading into a statute an intention not expressed or intended to be expressed therein; (4) if a statute is subject to two interpretations, it should not be given one that would render enforcement impossible; (5) the general rules for the construction of all written instruments apply to the construction of legislative acts." 581 S.W.2d at 733. We are also aided by examining the original act creating article 5506a in 1933. Tex.Gen. Laws, ch. 85, § 5, at 182 which states:

Sec. 5. The fact that it is necessary for persons injured in accidents to be taken immediately to hospitals *and to receive care and treatment for their injuries* and to be maintained during such care and treatment without giving the hospitals, clinics and institutions an opportunity to investigate the financial worth of the injured party, and that the hospitals of the State of Texas are losing vast sums of money which amounts to the taking of property without compensation therefor, creates an emergency and an imperative public necessity that the Constitutional Rule which requires bills to be read on three several days be suspended and said Constitutional Rule is hereby suspended, and this Act shall take effect and be in full force from and after its passage, and it is so enacted.

Further aid is found in an act amending article 5506a in 1953. Tex.Gen.Laws ch. 131, § 4, at 443 which states:

Sec. 4. The fact that it is necessary for persons injured in accidents to be taken immediately to hospitals to receive care and treatment for their injuries and to be maintained during such care and treatment, and the fact that the *present law is inadequate* covering the subject matter of this bill, create an emergency and an imperative public necessity that the Constitutional Rule which requires bills to be read on three several days be suspended; and said Rule is hereby suspended, and this Act shall take effect and be in full force from and after its passage, and it is so enacted. (Emphasis added).

The overriding purpose of article 5506a, as amended, is to *induce* hospitals to receive a patient, injured by the negligence of others, by giving the hospital a lien on the claims, suit or settlement of the patient. The inducement is for "immediate" (within seventy-two hours) reception of the patient. The inducement is co-extensive with the "treatment, care and maintenance as may have been given to injured persons." The inducement extends alike to the "admitting hospital and to any hospital to which injured persons may be transferred." The inducement secures the first administered treatment and "subsequent treatments of the same injuries for which he was originally admitted." In common sense, there can be no difference in lien rights between: (1) initial admittance at one hospital and subsequent treatments at one or more different hospitals, all as the patient requires and the art of medicine dictates for the injuries received in an accident; and (2) initial admittance at one hospital and subsequent treatments *at the same hospital,* all as the patient requires and the art of medicine dictates for the injuries received in an accident. We hold, therefore, that the seventy-two hour requirement concerns the initial hospital admission and not subsequent admissions for treatment of injuries received in the same accident. To hold to the contrary would thwart the overriding purpose of the statute. We reverse the trial court's disallowance of Baylor's liens for the second, third, and fourth admission, subject to the adjustments and credits on which the parties are not in dispute.

Travelers, by crosspoints, argues that should this court reverse the judgment of the trial court, then we should remand rather than render. For discussion, we shall group these crosspoints in three categories: points relating to the qualification and admission of computerized hospital records; points relating to the admission of testimony from a filed, but unsigned, deposition; and points relating to the admission of opinion evidence as to the reasonableness of hospital charges.

Travelers first complains of inadequate qualification for the admission of hospital records, which were stored in and reproduced from a computer. On these points, the briefs address only the application of Tex.Rev.Civ.Stat.Ann. art. 3737e (Vernon 1951). Article 3737e provides the following requirement, for the admission of such a record:

(a) It was *made* in the regular course of business;

(b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to *make* such memorandum or record or to transmit information thereof to be included in such memorandum or record;

(c) It was *made* at or near the time of the act, event or condition or reasonably soon thereafter. (Emphasis added).

The statutory predicate employs the verb "made" or "make" as to the person, manner, and time of creation of the tendered record. Baylor's witness testified as to three detailed statements of charges for extended hospital admission plus detailed charges for an admission to the hospital emergency room. We quote as typical the qualification for admission into evidence of Baylor's Exhibit 1 together with Travelers objection and the trial court's ruling:

Q. All right, sir. Looking back, then at Plaintiff's Exhibit No. 1, is that—by the way, what did you call that, sir?

A. It is the detailed patient billing statement.

Q. All right, sir. Is that the item *kept* in the ordinary course of business there at Baylor University Medical Center?

A. Yes.

Q. Is it part of the ordinary business of the Baylor University Medical Center to *keep* such records?

A. Yes.

Q. Is it *based* on the personal knowledge of some employee or representative of Baylor University Medical Center?

A. Yes.

Q. And is it *made* at or near the time of the act, event or condition depicted therein?

A. Yes.

MR. PARHAM: May I take a look at them? I will object, Your Honor, on failing to lay a proper predicate.

THE COURT: I didn't hear you?

MR. PARHAM: I will object to the introduction of Plaintiff's Exhibits 1, 2 and 3 for failing to lay a proper predicate.

THE COURT: I'm not sure I understand what your objection is. What specifically do you have reference to, Counsel?

MR. PARHAM: Your Honor, I think several items with respect to these being proper records of a hospital have not been shown to the Court, under the Business Records.

THE COURT: Well, overrule the objection. The exhibits will be admitted into evidence. (Emphasis added).

We hold the statutory predicate was laid by this testimony showing such records had the "probability of trustworthiness of records regularly kept by an organization while engaged in its activities and upon which it relies in the ordinary course of its activities." *Coulter v. State*, 494 S.W.2d 876, 884 (Tex.Cr.App.1973). Our courts appear to use "kept" as synonymous with "made." *See State Automobile and Casualty Underwriters v. Reagan*, 337 S.W.2d 522 (Tex.Civ. App.—Waco 1960, no writ); *Travis Life Ins. Co. v. Rodriguez*, 326 S.W.2d 256 (Tex.Civ. App.—Austin 1959, no writ) *per curiam* 160 Tex. 182, 328 S.W.2d 434 (1959). Although we have addressed this point on the above quoted objection appellee made to the trial court, we, like the trial court, deplore the lack of specificity of the objection and hold that such objection is insufficient to preserve error because it did not point out to the court any particular "items" of proof which had not been shown. *Matter of Bates*, 555 S.W.2d 420 (Tex.1977); *Drake v. State*, 488 S.W.2d 534 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.).

Notwithstanding this failure to point out any particular failure of proof in the trial court, Travelers urges here that computerized records should require some additional testimonial demonstration of reliability as mentioned in *Railroad Commission v. Southern Pacific Co.*, 468 S.W.2d 125 (Tex. Civ.App.—Austin 1971, writ ref'd n.r.e.). In that case, however, our supreme court, in refusing the writ, wrote a per curiam opinion declining to sanction an enlargement of the statutory predicate for computer stored records as suggested by the Austin Court of Civil Appeals. *Southern Pacific Co. v. Railroad Commission*, 471 S.W.2d 39 (Tex.1971). Accordingly, we hold that the trial court properly admitted the hospital's record of charges.

■ Travelers next complains of the admission of testimony from a deposition timely filed on the ground that it was not signed by the witness. We conclude that the testimony was admissible on the authority of *Bankers Multiple Line Insurance Co. v. Gordon*, 422 S.W.2d 244 (Tex.Civ.App.—Houston [1st Dist.] 1967, no writ). That case held that where the deposition was filed, even though unsigned, in advance of trial and the opposing party failed to file a motion to suppress for want of signature, the commencement of trial forecloses any objection. The court reasoned that Tex.R. Civ.P. 212 bars these complaints by providing:

> When a deposition shall have been filed in a court at least one entire day before the day on which the case is called for trial, no objection to the *form thereof*, or to the *manner of taking* the same shall be heard, unless such objections are in writing and notice thereof is given to the opposite counsel before the trial commences. (Emphasis added).

*Bankers* held that absence of signature was an objection to the "form" or to the "manner of taking" and an objection at trial came too late.

■ Travelers lastly argues that the opinion of George Tsamis, Baylor's administrator offering Baylor's records, is not qualified apparently because Tsamis is not a physician. The Hospital Lien Statute does not require proof of the charges beyond that they are not more than "the reasonable and regular rate." It does not impose a duty to prove that the treatment given, presumably on order of a physician, was medically required. We hold that the legislature's use of "reasonable and regular rate" requires only a showing that a patient's charges do not exceed the comparable rates for the same service to other patients in the same hospital. Qualification to give an opinion as to reasonable and regular rates is not necessarily limited to witnesses with medical training. Both witnesses, Tsamis and Denmark's physician, testified to a sufficient experience with hospital rates to permit the trial court to deem them qualified to express an opinion on Baylor's rates to Denmark as being the "reasonable and regular rate" contemplated by the statute. In *Garner v. City of Houston*, 323 S.W.2d 659 (Tex.Civ.App.—Houston 1959, no writ), the court held: "Article 5506a provides for a lien to secure the 'reasonable and regular' charges that are made for services. We feel that by the term 'regular' the legislature meant charges should be those *usually* and *customarily made*." 323 S.W.2d at 662. (Emphasis added).

We turn now to the proper judgment to be rendered. Since the amount due Baylor under its liens is undisputed, we reverse the judgment of the trial court and render judgment here that Baylor recover judgment against Travelers for $4,724.18 with interest at nine percent per annum from the date of trial court's judgment, November 8, 1978, (date on which the trial court denied Baylor proper relief) until paid and all costs in the trial court and this court. Tex.R.Civ.P. 434; *Trinity Universal v. Drake,* 587 S.W.2d 458, No. 19695 (Tex.Civ. App.—Dallas, July 31, 1979).