**MEMBERS MUTUAL INSURANCE COMPANY, Appellant,**

v.

**HERMANN HOSPITAL, Appellee.**

**No. B14–82–727CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 31, 1983.

Rehearing Denied Oct. 13, 1983.

Donald M. Hudgins, Houston, for appellant.

Mark A. McLean, Sullins, Johnston, Rohrbach & Magers, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

PAUL PRESSLER, Justice.

This is an appeal from the granting of a summary judgment in which the trial court found that benefits paid from uninsured motorists coverage were subject to a hospital lien pursuant to TEX.REV.CIV.STAT. ANN. art. 5506a (Vernon 1958).

On August 26, 1978, a two car collision occurred involving an automobile owned and operated by Dorothy Hall. The accident was caused by an uninsured motorist. George Walker, a passenger in Hall's car, was severely injured. Hall was insured by appellant. Walker was also covered under Hall's policy. Walker was taken to Hermann Hospital within 72 hours of the accident where he received medical treatment and died shortly thereafter. Appellant paid Walker's heirs $7,000.00 pursuant to an October 10, 1980 Release of Claims and Trust Agreement in settlement of a claim brought by Walker's heirs. Prior to such payment appellee filed a hospital lien for $60,205.43, the value of the medical services rendered to Walker. Appellant has not paid on this lien and it has not been released.

On January 27, 1982, appellee brought suit against appellant to enforce its hospital lien against the proceeds of the insurance policy which had been paid to Walker's heirs. Both appellant and appellee moved for a summary judgment based upon an agreed statement of facts. The trial court denied appellant's motion and granted appellee's, ruling that appellant must pay $7,000.00 to appellee pursuant to the Hospital Lien Statute, TEX.REV.CIV.STAT.ANN. art. 5506a (Vernon 1958).

In his sole ground of error, appellant contends "the trial court erred in entering a summary judgment in favor of appellee . . . because the uninsured motorists insurance which covered George Walker is not public liability insurance as that term is used in TEX.REV.CIV.STAT.ANN. Art. 5506a SECTION 4c." Article 5506a states:

Section I. Every association, individual, corporation, or other institution maintaining a hospital or clinic rendering hospital services in the State of Texas shall be entitled to a lien upon any and all rights of action, suit, claims, or demands of any persons admitted to any hospital and receiving treatment, care, and maintenance therein, on account of any per-

sonal injuries received in any accident as the result of the alleged negligence of any other person or firm or corporation or joint stock association his, its, or their agent, servant or employee, which any such injured person may or shall have, assert, or maintain against any such other person or firm or corporation or joint stock association for damages on account of such injuries, for the amount of the charges of such hospital or clinic for such treatment, care and maintenance as may have been given to the injured persons.

.    .    .    .    .

Section 4c. The provisions of this act shall not give to any such hospital, or any person, firm or corporation claiming under it, any lien, claim, right, or demand on the proceeds of any insurance policy in favor of the injured party, his beneficiaries, or legal representatives, and none of the provisions of this act shall have application thereto. Provided, however, this section shall not include public liability insurance carried by the insured to protect him against loss or damage as a result of any accident or collision covered by said public liability insurance policy.

Appellant contends the term "public liability insurance" as used in art. 5506a § 4c refers strictly to automobile liability coverage in which payments are made by the insurer to those persons who have been damaged by the insured's negligence. Appellant asserts no lien attaches to benefits derived from uninsured motorists coverage because payments are made to the insured to compensate for damages incurred by the insured as a result of someone else's negligence.

TEX.INS.CODE ANN. art. 5.06–1(1) (Vernon 1981) states that:

(1) no automobile liability insurance ... covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto, ... for the protection of persons insured thereunder ... from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, or disease, including death or property damage resulting therefrom. The coverage required under this article shall not be applicable where any uninsured named in the policy shall reject the coverage in writing, ....

■ Public liability insurance indemnifies the insured against 1) losses he may cause to any member of the public and 2) losses sustained through the negligence of any member of the public who is uninsured or underinsured. Although the insured may reject it, uninsured motorist coverage is part of the coverage which a liability insurance policy must provide. *Employers Casualty Company v. Sloan*, 565 S.W.2d 580 (Tex.Civ.App.—Austin 1978, writ ref'd n.r. e.). The insurance policy in question is a liability insurance policy which provides for such coverage.

■ The purpose of article 5506a is to induce hospitals to receive immediately a patient injured by the negligence of others by giving the hospital a lien on the claims, suits or settlements of the patient. *Baylor University Medical Center v. Travelers Ins. Co.*, 587 S.W.2d 501 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). To hold that a claim, suit or settlement stemming from the uninsured motorist coverage of a liability policy is not subject to the hospital lien would defeat the purpose of the statute and work to the detriment of the injured party by possibly delaying or prohibiting much needed medical treatment. Where a statute is subject to two interpretations, it should not be given one which would cause the carrying out of its purpose to be impossible. *Baylor University Medical Center v. Borders*, 581 S.W.2d 731 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *Baylor University Medical Center v. Travelers, supra*. The "Hospital Lien Statute," applies. Appellant's point of error is overruled.

We affirm the judgment of the trial court.

ROBERTSON, Justice, dissenting.

I respectfully dissent. As I read Section 1 of Article 5506a (The Hospital Lien Stat-

ute) it authorizes a lien in favor of the hospital *only* on claims the injured person (which the hospital has treated) may have against *the person* whose negligence caused the injuries. The claim of the injured person under uninsured motorists coverage is not against the person whose negligence caused the injuries.