**Alimadad JATOI, Appellant,**

v.

**DECKER, JONES, McMACKIN, HALL & BATES, Appellee.**

No. 2–96–167–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 23, 1997.

resent Appellant as defendant and counterplaintiff in a breach of contract action in federal court (the underlying suit), which had been ongoing for several years. During trial, Appellant settled the underlying suit and announced in open court that he agreed to a settlement which the court announced would result in dismissal with prejudice of all claims, counterclaims, and cross-claims that were in contention. Appellant then filed a *pro se* motion for new trial, claiming that the trial court coerced him into the settlement. After the motion was overruled, he appealed the decision to the Fifth Circuit Court of Appeals and filed a motion in the trial court to reconsider, this time also alleging abandonment and coercion by Appellee. The denial of this second motion was also appealed to the Fifth Circuit. The Fifth Circuit dismissed both appeals as frivolous and imposed sanctions against Appellant and his attorney in the second appeal.

During the course of the federal appeals, Appellee filed a declaratory judgment action in state district court, seeking a declaration that Appellant be required to remit payment out of his settlement proceeds for services rendered in the underlying suit. Appellant filed a counterclaim alleging negligence, breach of fiduciary duty, and breach of warranty. The trial court granted summary judgment on Appellee's declaratory judgment action and severed Appellant's malpractice cause. Three years later, and more than four years after the declaratory judgment action was filed, Appellee filed a motion for summary judgment against Appellant's malpractice claim on five grounds. At that time, Appellant had not yet retained an attorney or conducted any discovery. He filed a motion requesting a continuance of the summary judgment hearing to do so. After the hearing had been moved back an additional two weeks by the court for other reasons, Appellant renewed his motion for continuance; the trial court conducted a hearing on his motion on January 18, 1996, the date scheduled for the hearing on the motion for summary judgment. Because Appellant claimed to be proceeding *pro se,* the court granted him a continuance for 45 days, instructing him that the hearing would be held

John R. Gladney, Kreisner & Gladney, Austin, Larry Warner, Brownsville, for Appellant.

Charles T. Frazier, Jr., Andrea M. Kuntzman, Cowles & Thompson, P.C., Dallas, for Appellee.

Before CAYCE, C.J., and DAUPHINOT and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

Appellant challenges the trial court's refusal to grant a new trial and the court's grant of summary judgment for Appellee on Appellant's legal malpractice claim. We affirm.

### Procedural History

Appellant and Appellee entered into a written fee arrangement for Appellee to rep-

on March 4, 1996, and that no further continuance would be granted. Although he claimed to be appearing *pro se*, Appellant brought an attorney, Leslie Miller, with him to the hearing and she was allowed to address the court on his behalf. Miller was also instructed that the hearing would be reset for March 4, 1996.

Appellant hired John Gladney to represent him on January 29, 1996. Appellant gave Gladney a copy of Appellee's motion for summary judgment, but apparently never told him of the date for the hearing. Gladney contacted Miller who told him that the response to the motion was due on March 4, 1996 but no hearing had been set on the motion. Gladney never went to the courthouse to check the court's docket sheet, nor did he call opposing counsel to inquire about a hearing on the motion. Appellant suffered a heart attack and was placed in intensive care on February 17, 1996. Between the time Appellant hired Gladney and the time Appellant was hospitalized, approximately two weeks, they did not speak.

On February 29, 1996, the Thursday preceding the scheduled hearing, Gladney called opposing counsel on a different matter and opposing counsel informed him that the hearing was set for Monday, March 4, 1996. Around the same time, Appellant's wife informed Gladney that she believed a hearing had been set. At that time, the deadline for filing a response to the motion for summary judgment had already passed. *See* Tex.R. Civ. P. 166a. On Friday, March 1, 1996, an emergency telephone hearing was held on Appellant's motion for extension of time to file his response to the motion for summary judgment based on Appellant's hospitalization, which was denied. At that time, Gladney was aware that the hearing was in fact scheduled for the following Monday, but he did not file a motion for leave to file a late response until Monday, at which time he also filed his response.

On March 4, 1996, the trial court conducted a hearing on Appellant's motion for leave to file a late response and on Appellee's motion for summary judgment. Appellant's motion was denied, and the motion for summary judgment was granted in all respects

and on all grounds. Appellant filed a motion for new trial on April 3, 1996, and a hearing was held on it on May 9, 1996. The motion was denied and Appellant brought this appeal.

### Untimely Response

Appellant asserts in his first point that the trial court erred by not setting aside the "equivalent of a default summary judgment" under the standard of *Craddock v. Sunshine Bus Lines, Inc.* 134 Tex. 388, 133 S.W.2d 124 (1939). Although Appellant's brief wholly fails to explain this analogy, he seems to argue that because the trial court granted summary judgment without considering his late-filed response, the court's actions amounted to a default summary judgment, and therefore, the court's denial of his motion for new trial must be reviewed under the standard set forth in *Craddock* for setting aside default judgments. Appellee responds that because there was a response on file at the time of the hearing, and because Appellant filed and received a hearing on his motion for leave to file a late response, that the ruling was not a "default summary judgment" and the court's denial of a motion for new trial must be reviewed under the more deferential abuse of discretion standard. Appellant fails to challenge the trial court's denial of his motion for leave to file a late response.

Although there is a split of authority in the courts of appeals and this court has never decided whether the *Craddock* standard applies to default summary judgment cases, we need not address that issue at this time because we conclude that this was not a "default summary judgment" and that the trial court did not abuse its discretion in refusing to set aside the summary judgment and grant a new trial.

A default judgment may be granted when a party 1) fails to answer after service or appearance or 2) fails to appear for trial after answering the suit. *See* Tex.R. Civ. P. 239; *Crime Control, Inc. v. RMH–Oxford Joint Venture*, 712 S.W.2d 550, 551 (Tex. App.—Houston [14th Dist.] 1986, no writ). Although rulings on motions for new trial are

reviewed under the abuse of discretion standard, *see Cliff v. Huggins,* 724 S.W.2d 778, 778 (Tex.1987), the Supreme Court set out a specific, far stricter standard of review in default judgment cases in *Craddock.* See *Craddock,* 133 S.W.2d at 126. Certain summary judgments have been compared to default judgments, and some courts of appeals in Texas have applied the *Craddock* standard to them as well. *See Washington v. McMillan,* 898 S.W.2d 392, 396 (Tex.App.—San Antonio 1995, no writ); *Gonzales v. Surplus Ins. Serv.,* 863 S.W.2d 96, 102 (Tex.App.— Beaumont 1993, writ denied); *Rabe v. Guaranty Nat'l Ins. Co.,* 787 S.W.2d 575, 579 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Enernational Corp. v. Exploitation Engineers, Inc.,* 705 S.W.2d 749, 751 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Krchnak v. Fulton,* 759 S.W.2d 524, 529 (Tex.App.—Amarillo 1988, writ denied); *Crime Control,* 712 S.W.2d at 552; *Costello v. Johnson,* 680 S.W.2d 529, 531 (Tex.App.— Dallas 1984, writ ref'd n.r.e.). However, the case before us bears no resemblance to a default judgment. Appellant was at least made aware of the date of the hearing four days prior to the hearing. Furthermore, Appellant filed both a response and a motion for leave to file a late response the morning of the hearing on the summary judgment motion. He also received a hearing on his motion for leave to file a late response prior to the hearing on summary judgment. Therefore, we decline to liken this proceeding to a default summary judgment.

### Motion For New Trial

■ A motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal absent a showing of an abuse of discretion. *See Cliff,* 724 S.W.2d at 778. To determine whether the trial court abused its discretion, we must decide "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990); *see Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Merely because a trial court may

decide a matter within its discretion in a different manner than an appellate court might in a similar circumstance does not demonstrate that an abuse of discretion occurred. *See Downer,* 701 S.W.2d at 241–42. We hold that the trial court did not abuse its discretion in refusing to grant Appellant a new trial. Appellant's first point is overruled.

### Summary Judgment

In his second point, Appellant challenges the trial court's grant of Appellee's summary judgment motion on Appellant's claim of legal malpractice. Appellee moved for summary judgment on five grounds: 1) compliance with the standard of care, 2) lack of causation, 3) the courts' refusal to extend implied warranties to purely professional services, 4) judicial estoppel, and 5) collateral estoppel. The trial court's order simply stated that the motion for summary judgment was granted in all respects and on all grounds.

■ When a trial court grants summary judgment without specifying the basis on which it is granted, the Appellant must show that it was error to base the summary judgment on all grounds asserted in the motion. *See Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995). Appellant simply asserts a general contention that the trial court erred by granting summary judgment, which is "sufficient to comply with Rule 418 ... and to allow argument as to all the possible grounds upon which summary judgment should have been denied." *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex. 1970). However, Appellant does not argue any specific grounds on which the trial court should have denied summary judgment in his brief. He makes broad conclusions that Appellee's summary judgment proof raised fact issues as it was submitted to the trial court. The entirety of Appellant's argument is as follows:

In Appellant's case, Movant relied upon a statement by Appellant which defeated Movant's Motion for Summary Judgment. Movant included Appellant's statement in its Motion for Summary Judgment. Ap-

pellant's statement, understandably, conflicts on all material points with Movant's position. So, an internal conflict raising an issue of fact is present within Movant's Motion for Summary Judgment. This presence of issues of fact precludes Movant from showing that it is entitled to judgment as a matter of law. [Reference to Appellant's Motion for New Trial in the Record] This was inluded [sic] without reservation. Appellant's statement, however, controverted the position of Appellees [sic]. The variance between that statement and position Appellees [sic] was sufficient to give rise to a question of fact precluding summary judgment.

This circular and conclusory argument does not point us to any specific basis on which summary judgment was improper, much less challenge the judgment on all possible bases.

 The only argument Appellant seems to make is that his motion for new trial controverted other summary judgment evidence attached to Appellee's motion for summary judgment, although Appellant fails to indicate any points of contention between the documents. However, a motion does not constitute evidence; therefore, it cannot be used to raise a fact issue in a summary judgment case. *See Chamberlain v. Cherry,* 818 S.W.2d 201, 208 (Tex.App.—Amarillo 1991, no writ); *Delgado v. Kitzman,* 793 S.W.2d 332, 333 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding).

 Nevertheless, a trial court may not grant summary judgment if the motion and supporting evidence are insufficient to establish the movant's right to judgment as a matter of law. *See Cotton v. Ratholes, Inc.,* 699 S.W.2d 203, 205 (Tex.1985); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). Thus, we must determine whether summary judgment was proper on any of Appellee's theories.

 Appellee contended in its motion for summary judgment that it had complied with the standard of care applicable to attorneys. Appellee attached the affidavit of Randall T. Cox, an attorney at Decker, Jones, et al, as summary judgment evidence by an expert witness that it had complied with the standard of care. The standard of care that attorneys are held to is defined by the Texas Supreme Court:

> If an attorney makes a decision which a reasonably prudent attorney *could* make in the same or similar circumstance, it is not an act of negligence even if the result is undesirable. Attorneys cannot be held strictly liable for all of their clients' unfulfilled expectations. An attorney who makes a reasonable decision in the handling of a case may not be held liable if the decision later proves to be imperfect. The standard is an objective exercise of professional judgment, not the subjective belief that his acts are in good faith.

*Cosgrove v. Grimes,* 774 S.W.2d 662, 665 (Tex.1989). To establish compliance with that standard, expert testimony is required. *See Hall v. Rutherford,* 911 S.W.2d 422, 424 (Tex.App.—San Antonio 1995, writ denied). Summary judgment may be based on the uncontroverted affidavit of an expert witness if "the evidence is clear, positive and direct, and otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex.R. Civ. P. 166a(c). The affidavit of an interested expert witness may support summary judgment even if the expert is a party to the suit. *See Shook v. Herman,* 759 S.W.2d 743, 746–47 (Tex.App.—Dallas 1988, writ denied); *Hunte v. Hinkley,* 731 S.W.2d 570, 571 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Once an expert witness presents legally sufficient evidence in support of a motion for summary judgment, the opposing party must come forward with other expert testimony to controvert the claim. *See Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991) (op. on reh'g); *Hall,* 911 S.W.2d at 424. We have reviewed Cox's affidavit and conclude that it presents legally sufficient evidence that Appellee complied with the standard of care applicable to attorneys. Because Appellant did not come forward with expert evidence to controvert the summary judgment evidence, the trial court properly granted summary judgment for Appellee on the ground that Appellee complied with the applicable standard of care.

Because we find that summary judgment was proper on this basis, we need not address the other grounds asserted in the motion. *See Star–Telegram,* 915 S.W.2d at 473. Point two is overruled.

### Conclusion

Although we find this appeal virtually without merit, believe it was brought solely for delay and harassment, and are offended by Appellant's disorganized, confusing and inadequate brief, we are prevented from imposing sanctions by the new Texas Rules of Appellate Procedure. Under rule 45, we are required to provide notice and an opportunity to respond before imposing sanctions. *See* TEX.R.APP. P. 45. Because we have not done so, we simply affirm the trial court's judgment and assess costs of this appeal, including preparation costs for the clerk's record and the reporter's record, against Appellant.

The trial court's judgment is affirmed.