**CIMARRON HYDROCARBONS CORPORATION, Appellant,**

v.

**Bob E. CARPENTER, C.D. Consulting and Operating Company, and C.D. Roustabout Company and Equipment Sales, Appellees.**

No. 2–99–288–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 5, 2000.

Rehearing Overruled Nov. 16, 2000.

Shannon, Gracey, Ratliff & Miller, Joseph W. Spence, Anne Gardner, Fort Worth, for appellant.

Martin, Farr, Miller & Price, L.L.P., Michael Miller, Dallas, Sue Walker, Fort Worth, appellee.

Before JOHN HILL, CLYDE R. ASHWORTH, and DAVID F. FARRIS, JJ. (All Retired, Sitting by Assignment).

## OPINION

DAVID F. FARRIS, Justice (Retired).

The impending issues in this case are two: whether or not the rule in *Craddock v. Sunshine Bus Lines Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939) applies when the adverse party fails to timely respond to a summary judgment motion, and if *Craddock* applies, has the appellant in this case sufficiently proved all three of the *Craddock* elements. We hold that *Craddock* applies and that appellant proved all three *Craddock* elements. We reverse and remand.

Appellant, Cimarron Hydrocarbons Corporation, contracted with appellees for their services on a new well. A casing leak occurred as appellees were "cementing the well" and Cimarron sued the appellees alleging several theories of recovery including Deceptive Trade Practices Act violations, breach of warranties, and negligence. Approximately one-and-one-half-years after suit was filed, and following extensive discovery, Cimarron's attorney withdrew.

While Cimarron was without counsel, appellees moved for summary judgment. Hearing on their motions was scheduled for April 30, 1999. Cimarron retained new counsel on April 14, and at his request appellees agreed to reschedule the hearing. The hearing was later rescheduled for June 4 and Cimarron's response was due by May 28. Cimarron's attorney did not timely respond to the summary judgment motions. He and an associate explained their failure to respond in affidavits and testimony at a hearing on Cimarron's motion for new trial.

After appellees agreed to reschedule the hearing Cimarron's attorney gave the file to his associate, instructing him to prepare a response once the hearing was rescheduled and an expert witness had been retained. On April 28 Cimarron's attorney received notice of the June 4 hearing and followed his usual procedure of placing the notice in his "outbox" so his assistant could

calendar the hearing. But the associate was not told of the hearing date and it was not placed on his calendar. On June 2 the attorneys discovered their error. They then asked appellees' attorney either to agree to continue the hearing or waive objections to a late response, but he refused. A response was prepared and filed minutes before the hearing together with a motion for leave to file a late response and a motion for continuance. The trial court denied Cimarron leave to file its late response, denied Cimarron's motion for continuance, and granted appellees' motions for summary judgment. Cimarron moved for a new trial, asserting that it was entitled to a new trial under *Craddock*, but its motion was overruled.

■ The first question we must address is whether the *Craddock* rule should be applied in cases where a party who has defaulted by not timely responding to a motion for summary judgment seeks a new trial. Four Texas courts of appeals have held that *Craddock* applies where a party has failed to respond to a summary judgment motion while only one, the First Court of Appeals, held that it does not. Those cases are discussed in *Bell v. State Department of Highways & Public Transportation,* 902 S.W.2d 197, 199 n. 3 (Tex. App.—Houston [1st Dist.] 1995, no writ). Significantly, in a concurring opinion, Justice Cohen criticized earlier opinions of his court holding that *Craddock* did not apply. *See id.* at 200–01 (Cohen, J., concurring). This court has not addressed this question, concluding it need not do so in the *Jatoi* case discussed below. *Jatoi v. Decker, Jones, McMackin, Hall & Bates,* 955 S.W.2d 430, 432 (Tex.App.—Fort Worth 1997, writ denied). But we must address the question.

■ The purpose of summary judgment remains to eliminate patently meritless claims or untenable defenses. *See Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952); *Hock v. Salaices,* 982 S.W.2d 591, 593 (Tex.App.—San Antonio 1998, no pet.). With this purpose in mind, we hold *Craddock* applies to the failure to respond to a summary judgment motion because the question is controlled by the same principle of equity that engendered the rule in *Craddock. Craddock,* 133 S.W.2d at 126. That principle of equity is summoned when the remiss party offers some excuse, not necessarily a good excuse, coupled with the absence of an intentional failure to respond and makes a prima facie showing that if the summary judgment is set aside the moving party will be in no worse position than he would have been had a response been timely filed. *See id.* at 125. Where these elements occur, appellate review is restricted to determining whether or not the trial court abused its discretion.

■ The abuse of discretion standard acknowledges that trial courts have a measure of discretion in cases governed by equitable principles but confirms that it is discretion bridled by relevant guiding rules and principles. *See id.* at 126. *Craddock* restates the guiding rule applicable to a trial court's exercise of discretion when determining whether or not to set aside a default judgment:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Id. Craddock* has been followed by a litany of cases that explain its rule, including *Strackbein v. Prewitt,* 671 S.W.2d 37 (Tex. 1984). According to *Strackbein* if the evidence in support of a *Craddock* new trial motion is not controverted and if the only reasonable interpretation of the evidence is that the failure to answer was not intentional or the result of conscious indiffer-

ence, but was due to a mistake or accident, a new trial must be granted. *Id.* at 38–39. In sum, while the standard of review in *Craddock* is no stricter than that imposed in other instances involving an abuse of discretion standard, the rule guiding the trial court's exercise of its discretion is particularly unyielding.

Appellees argue that applying *Craddock* to summary judgment cases effectively overrules the requirement of 166a(c) that responses must be filed not later than seven days prior to the hearing and allows an adverse party to tardily respond to a summary judgment by offering any excuse for the tardiness. TEX.R.CIV.P. 166a(c). The same argument can be made against applying *Craddock* to a defendant's failure to timely answer after being served with citation. As the adverse party must prove each of the *Craddock* elements and may be compelled to compensate the movant for expenses incurred because of delay, we find this argument without merit.

Appellees also argue that applying *Craddock* to untimely filed summary judgment responses rewards the adverse party by allowing additional time to investigate the facts and obtain witnesses. If the adverse party can discover facts and obtain witnesses that will defeat summary judgment, then the case should not end in summary judgment. *See Washington v. McMillan*, 898 S.W.2d 392, 396 (Tex. App.—San Antonio 1995, no writ); *Krchnak v. Fulton*, 759 S.W.2d 524, 528–29 (Tex.App.—Amarillo 1988, writ denied). Further, while it will often be difficult for the movant to controvert proof that a failure to respond was not intentional, there are risks to the party who cavalierly takes advantage of *Craddock*. The movant may present controverting proof that will justify the trial court either overruling a *Craddock* motion or sanctioning the adverse party.

Appellees assert there are no Texas cases holding *Craddock* applicable to default summary judgments when the adverse party had actual adequate notice of the motion and hearing. We find this to be a misreading of the cases cited by both Cimarron and appellees. In *Medina v. Western Waste Industries*, 959 S.W.2d 328, 331 (Tex .App.—Houston [14th Dist.] 1997, pet. denied), the attorney for the adverse party admitted receiving notice of the summary judgment hearing but claimed his failure to respond was caused by unrelated distractions. In *Washington v. McMillan*, 898 S.W.2d at 394, notice was properly served on the adverse party's attorney but was mistakenly sent to the file room rather than to the attorney or his secretary. The court held that Washington met the *Craddock* test and that the trial court abused its discretion by denying her motion for new trial. In *Gonzales v. Surplus Insurance Services*, 863 S.W.2d 96, 101 (Tex. App.—Beaumont 1993, writ denied), the court found no abuse of discretion, in part, because the adverse party's attorney had refused to accept delivery of certified mail containing the summary judgment motion and notice of the hearing. The court observed that the trial court could have found that the attorney engaged in selective service of certified mail. *See id.* In *Krchnak*, the trial court found that notice was sufficient but that the adverse party had otherwise satisfied the *Craddock* requirements. 759 S.W.2d at 527–30. In *Costello v. Johnson*, 680 S.W.2d 529, 531 (Tex.App.—Dallas 1984, writ ref'd n.r.e.), the court's holding that the appellant did not satisfy *Craddock* did not turn upon whether or not appellant received adequate notice.

█ Moreover, a party who has not received notice of a summary judgment hearing does not have to meet the requirements of *Craddock* to obtain a new trial. This court has recognized that a party has a right to notice of a summary judgment action. *See Martin v. Martin, Martin & Richards, Inc.*, 991 S.W.2d 1, 13 (Tex. App.—Fort Worth 1997), *rev'd on other grounds*, 989 S.W.2d 357 (Tex.1998); *see also Mosser v. Plano Three Venture*, 893

S.W.2d 8, 12 (Tex.App.—Dallas 1994, no writ).

Appellees argue that in *Jatoi* this court held *Craddock* does not apply to facts identical to these. Unlike this case the facts in *Jatoi* reveal an egregious and prolonged abuse of federal and state courts by a dissatisfied litigant. *Jatoi,* 955 S.W.2d at 431–32. For the most part Jatoi appeared *pro se. See id.* After a pending summary judgment hearing was repeatedly rescheduled Jatoi was told in open court of the last hearing date and that no further continuance would be granted. *See id.* Jatoi employed counsel, but did not tell him of the hearing date. *See id.*

While there is some similarity the cases are distinguishable in three significant respects. First, Jatoi's brief characterized the facts of his case as the "equivalent of a default summary judgment" without explaining the analogy. *See id.* at 432. Second, Jatoi did not challenge the trial court's denial of his motion for leave to file a late response. *See id.* Third, the opinion reveals no excuse for Jatoi not telling counsel of the date of the summary judgment hearing. In contrast, Cimarron has fully briefed the underlying issues, challenges the order denying a late response, and the affidavits of Cimarron's attorneys present a detailed explanation of their failure to timely respond.

One conclusion in *Jatoi* is troublesome, that the case bore no resemblance to a default judgment because Jatoi knew of the setting, filed a response the morning of the hearing, and received a hearing on his motion for leave to file a late response. *Id.* at 433. Appellees point to this statement and argue that we are not presented with a default summary judgment in this case because Cimarron appeared at the summary judgment hearing, filed a late response, and argued against the summary judgment motion. We disagree because Cimarron defaulted by not timely filing a response and, as a result, suffered a consequence analogous to that incurred by a defendant who does not timely file an answer to service of citation. Cimarron's appearance at the hearing did not cure its default. Scheduling a summary judgment hearing is more significant than the occurrence of the hearing because the hearing date determines the time for response to the motion while oral testimony cannot be adduced at the hearing. *See Martin,* 989 S.W.2d at 359. And the fact that Cimarron filed a late response is no more significant than an answer that is filed after a default judgment is entered.

■ Accordingly, we hold that the trial court must apply the *Craddock* rule when considering a motion for new trial following a default summary judgment. We also hold that a default summary judgment occurs when summary judgment is rendered and the adverse party has either not filed a response or the trial court refuses to consider a late response. The remaining issue is whether Cimarron has met the requirements of *Craddock.* We hold that it has.

■ The testimony of Cimarron's attorneys at the hearing on the motion for new trial negated intentional or consciously indifferent conduct. Despite cross examination by opposing counsel the attorneys' testimony sets forth undisputed facts showing that the failure to place the hearing on the associate's calendar was due to a mistake or accident. *Cf. Strackbein,* 671 S.W.2d at 38–39. Cimarron produced an uncontroverted affidavit stating it had a meritorious defense to the summary judgment motion. *See id.* While Cimarron's late response, filed six days after it was due, required a second rescheduling of the summary judgment hearing, it did not involve undue delay as emphasized by *Craddock. See Jackson v. Mares,* 802 S.W.2d 48, 52 (Tex.App.—Corpus Christi 1990, writ denied). An affidavit filed with the late response raised a meritorious defense. Cimarron has offered to reimburse appellees for their costs. And the appellees presented the trial court with no proof of injury. *See Angelo v. Champion Restau-*

*rant Equip. Co.*, 713 S.W.2d 96, 98 (Tex. 1986).

The judgment is reversed and the case is remanded for trial.