

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-376-CV

PATRICK GALLAGHER AND                                          APPELLANTS
LOIS GALLAGHER

V.

A. BRUCE WILSON                                                  APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

This is a summary judgment appeal. Appellee A. Bruce Wilson filed no-evidence and traditional motions for summary judgment. The trial court granted both motions without stating a basis for its rulings. Appellants Patrick Gallagher and his wife Lois Gallagher perfected this appeal, raising two issues, one challenging the no-evidence summary judgment and one challenging the

---

[1]*See* Tex. R. App. P. 47.4.

traditional summary judgment.  For the reasons set forth below, we will affirm the trial court's summary judgments in favor of Wilson.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Patrick and Lois sued Wilson, an attorney, for legal malpractice and for breach of fiduciary duty.  Patrick and Lois's claims against Wilson, according to their Third Amended Original Petition, involve actions Wilson took while representing Patrick in a 2003 probate matter in connection with Patrick's service as the executor of his mother's estate (the 2003 Probate Matter) and in a 2005 lawsuit filed by Patrick's brother, Garrett, stemming from the probate of their mother's estate (the 2005 Litigation).

## A. The 2003 Probate Matter

Patrick's mother, Neva R. Gallagher, died in 2003, and under the terms of her will, Patrick was appointed independent executor of her estate.  The will also specified that her two sons, Patrick and Garrett, were to equally share the assets of her estate.  The estate included two parcels of real estate titled in Neva's name, the Van Deman Property and the Trinity Vista Property.  According to Patrick and Lois, although the Trinity Vista Property was in Neva's name, Patrick had actually purchased it and made all payments on the property himself; he put it in his mother's name "because [he] thought it would expedite her hospice care."

Patrick retained Wilson to assist in the probate of his mother's estate. Acting on Wilson's advice, Patrick listed the Trinity Vista Property as part of the estate on several sworn documents filed with the probate court without indicating

2

that the property actually belonged to Patrick or that it was subject to a significant mortgage debt. Patrick informed Wilson of his concerns with how the Trinity Vista Property was listed, but ultimately, acting on Wilson's advice and instructions, he signed the sworn documents "even though he did not believe that the information was accurate or complete."

Later in 2003, Patrick, acting as independent executor of the estate, transferred the Trinity Vista Property to himself and his wife Lois. He also paid Garrett $10,000 as a partial distribution of the estate and advised Garrett that he would receive another distribution when Patrick sold the Van Deman Property.

## B. The 2005 Litigation

In 2005, Garrett filed suit against Patrick and Lois, claiming that Patrick had breached his duties as independent executor by transferring the Trinity Vista Property to himself and Lois without notifying Garrett and without Garrett's consent. Pointing to the inventory and closing affidavit for his mother's estate, which listed the Trinity Vista Property as part of the estate, Garrett asserted that the Trinity Vista Property should have passed in equal shares to himself and Patrick.

Patrick and Lois hired Wilson to defend them in the 2005 Litigation. During discovery, Garrett served requests for admissions on Patrick and Lois, and Patrick gave Wilson hand-written instructions on how the requests should be answered. But Wilson failed to timely respond to the requests for admissions, and they were deemed admitted. Wilson did not notify Patrick and Lois of these

3

deemed admissions, but he sought and received the probate court's permission to withdraw the deemed admissions and to substitute answers to the requests. Contrary to the hand-written answers to the requests for admissions that Patrick had given Wilson, however, Wilson answered "Admitted" to four requests—admitting that Patrick and Lois had never notified Garrett of their intent to convey the Trinity Vista Property to themselves and that Garrett did not receive compensation for his half interest in the property.

During the 2005 Litigation, Wilson also advised Patrick and Lois that the sworn documents filed in the 2003 Probate Matter, listing the Trinity Vista Property as part of Neva's estate, were binding on them and that, consequently, they should negotiate a settlement with Garrett. Relying on Wilson's advice, Patrick and Lois entered into a Rule 11 Agreement with Garrett in which Garrett would receive seventy-five percent of the sale proceeds from the Van Deman Property and in which Lois, who is a real estate agent, would be prohibited from acting as a real estate agent in the sale of that property.

Patrick, acting as executor of the estate, entered into a contract to sell the Van Deman Property to a third person, but after Wilson unilaterally inserted into the contract certain language about the Rule 11 Agreement, the buyer backed out of the contract. Patrick also negotiated a sale of the Trinity Vista Property, and he requested that Wilson obtain a release of the lis pendens that Garrett had

4

filed against the property.[2] Wilson failed to do so, and Patrick had to pay Garrett an additional $3,500 in order to get a release of the lis pendens so that Patrick could sell the Trinity Vista Property.

Garrett ultimately filed a motion to dismiss his suit against Patrick and Lois with prejudice based on the settlement agreement between the parties. The trial court signed an order dismissing Garrett's suit with prejudice on May 31, 2006. On November 8, 2006, Patrick filed an amended closing affidavit in the 2003 Probate Matter, reflecting that all assets of the estate had been distributed.

### C. Patrick and Lois's Suit Against Wilson

On June 2, 2008, Patrick and Lois filed suit against Wilson for legal malpractice and breach of fiduciary duty based on actions Wilson took during both the 2003 Probate Matter and the 2005 Litigation. Specifically regarding the 2003 Probate Matter, they complained of Wilson's advice to list the Trinity Vista Property as belonging to the estate in sworn documents filed with the probate court without any indication (1) that the property actually belonged to Patrick and Lois and (2) that the property was subject to a mortgage debt. Specifically regarding the 2005 Litigation, Patrick and Lois complained of (1) Wilson's advice to enter into an unfavorable settlement agreement with Garrett, (2) Wilson's failure to timely respond to requests for admissions, (3) Wilson's insertion of the

---

[2]A lis pendens is a document that prevents a party to litigation from transferring an interest in real property until the litigation is resolved. *See* Tex. Prop. Code Ann. § 12.007 (Vernon Supp. 2009); *World Savings Bank, F.S.B. v. Gantt*, 246 S.W.3d 299, 303 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

5

Rule 11 Agreement language into the contract for sale of the Van Deman Property, and (4) Wilson's failure to obtain a release of the lis pendens on the Trinity Vista Property.

### III. STANDARDS OF REVIEW

### A. No-Evidence Summary Judgment

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant

6

unless reasonable jurors could not. *Timpte Indus., Inc.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

## B. Traditional Summary Judgment

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review a summary judgment de novo. *Mann Frankfort*, 289 S.W.3d at 848.

We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848. We must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006); *City of Keller*, 168 S.W.3d at

7

822–24. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

## IV. LEGAL MALPRACTICE

Concerning Patrick and Lois's legal malpractice claim, Wilson's no-evidence summary judgment motion claimed that no evidence existed on the elements of breach of duty, proximate cause, or damages. Wilson argues that expert testimony was required to establish these elements. Because Patrick and Lois's summary judgment evidence did not include any expert report or affidavit, Wilson argues that the trial court properly granted his no-evidence summary judgment motion. Patrick and Lois argue that expert testimony was not required to support their claims because Wilson's errors were "plainly within the understanding and common knowledge of laymen."

### A. Law on Legal Malpractice

Legal malpractice cases in Texas are based on negligence. *Barcelo v. Elliott*, 923 S.W.2d 575, 579 (Tex. 1996); *Delp v. Douglas*, 948 S.W.2d 483, 495 (Tex. App.—Fort Worth 1997), *rev'd in part on other grounds*, 987 S.W.2d 879 (Tex. 1999). To prevail on a legal malpractice claim, a plaintiff must show "'that (1) the attorney owed the plaintiff a duty, (2) the attorney breached that duty, (3) the breach proximately caused the plaintiff's injuries, and (4) damages

occurred.'" *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 117 (Tex. 2004) (quoting *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex.1995)).

A plaintiff must generally present expert testimony to establish the breach and causation elements of a legal malpractice claim. *Alexander*, 146 S.W.3d at 117, 119–20. Breach of the standard of care and causation are separate inquiries, and an abundance of evidence as to one cannot substitute for a deficiency of evidence as to the other. *Id.* at 119.

Regarding the breach element, attorneys are held to the standard of care that a reasonably prudent attorney would exercise, and expert testimony is typically needed to demonstrate that standard of skill and noncompliance with that standard. *Longaker v. Evans*, 32 S.W.3d 725, 735 (Tex. App.—San Antonio 2000, pet. withdrawn) (en banc op. on reh'g); *Jatoi v. Decker, Jones, McMackin, Hall & Bates*, 955 S.W.2d 430, 434 (Tex. App.—Fort Worth 1997, writ denied); *Hall v. Rutherford*, 911 S.W.2d 422, 424 (Tex. App.—San Antonio 1995, writ denied).

> [A]n attorney can commit legal malpractice by giving an erroneous legal opinion or erroneous advice, by failing to give any advice or opinion when legally obliged to do so, by disobeying a client's lawful instruction, by taking an action when not instructed by the client to do so, by delaying or failing to handle a matter entrusted to the attorney's care by the client, or by not using an attorney's ordinary care in preparing, managing, and presenting litigation that affects the client's interests.

*Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 923–24 (Tex. App.—Fort Worth 2002, pet. denied) (citing *Zidell v. Bird*, 692 S.W.2d 550, 553

9

(Tex. App.—Austin 1985, no writ)).  Expert testimony is not required if the attorney's lack of care and skill is so obvious that the trier of fact can find negligence as a matter of common knowledge.  *James V. Mazuca and Assocs. v. Schumann*, 82 S.W.3d 90, 97 (Tex. App.—San Antonio 2002, pet. denied).  The most common example of a case requiring no expert testimony is one in which an attorney allows the statute of limitations to run on a client's claim.  *Id.*

### B. Expert Testimony Was Required

Here, the majority of Wilson's alleged breaches were not within a jury's common understanding.  Whether Wilson was negligent and breached his duty of care in advising Patrick and Lois to list real property as part of Neva's estate when Neva was, in fact, the listed owner of that property and advising them to list that property at full value without indicating that Patrick claimed to be the actual owner and made all payments on the property himself is not a matter of common knowledge.  Similarly, whether advising Patrick and Lois to enter into the settlement agreement with Garrett, whether inserting language about the settlement agreement into the contract for sale of the Van Deman Property, and whether failing to obtain a release of the lis pendens on the Trinity Vista Property constituted negligence and breaches of the duty of care Wilson owed to Patrick and Lois are not matters of common knowledge.  These allegations are substantially more complex than, for example, allowing the statute of limitations to run and required expert testimony to establish a breach of the requisite standard of care.  *See, e.g., Longaker*, 32 S.W.3d at 735 (requiring expert

10

testimony to establish breach element when client alleged malpractice based on attorney's advice on closing a trust); *see also Francisco v. Foret*, No. 05-01-00783-CV, 2002 WL 535455, at *2 (Tex. App.—Dallas Apr. 11, 2002, pet. denied) (requiring expert testimony of an attorney to establish breach of standard of care regarding malpractice claim premised on attorney's alleged failure to understand medical malpractice law, mishandling of the case, and misstatements of the applicable law).

The only alleged breach by Wilson that remains is his failure to timely respond to requests for admissions. Failing to timely respond to discovery is less complex than the above alleged breaches and more analogous to allowing a statute of limitation to run, but Wilson successfully obtained the probate court's permission to withdraw the deemed admissions and substituted answers to those requests. Consequently, Wilson's failure to timely respond to requests for admissions could not have caused any harm to Patrick and Lois. *See Alexander*, 146 S.W.3d at 117 (requiring proof that breach caused plaintiff's injuries and that damages occurred).

Patrick and Lois further claim that, even though Wilson successfully substituted answers to the deemed admissions, he "failed to faithfully adhere to the instruction provided by [Patrick] as to how the Requests should be answered" and instead answered, "Admitted" to several requests despite Patrick's instructions otherwise. But Patrick and Lois failed to present any evidence to show a causal link between Wilson admitting to four requests for admissions and

11

Patrick and Lois entering into the settlement agreement with Garrett. *See id.*; *see also Cantu v. Horany*, 195 S.W.3d 867, 873 (Tex. App.—Dallas 2006, no pet.) (requiring expert testimony to show that client would have prevailed in litigation if attorney had properly sued responsible party). Any causal relationship between Wilson admitting several requests and Patrick and Lois ultimately settling the lawsuit with Garrett on unfavorable terms is not an obvious matter of common knowledge. *Cf. Streber v. Hunter*, 221 F.3d 701, 726–27 (5th Cir. 2000) (holding expert testimony on causation not required when expert testified that attorney's tax advice was incorrect, thus establishing negligence and breach, and client testified that attorney's advice not to settle tax dispute caused her specific financial losses); *Delp*, 948 S.W.2d at 495 (holding expert testimony on causation not required when expert testimony established breach and client's testimony established that his reliance on attorney's advice caused him to lose business interest and file for bankruptcy).

Examining the entire record in the light most favorable to Patrick and Lois, as the nonmovants, indulging every reasonable inference and resolving any doubts against Wilson's no-evidence motion, we hold that Patrick and Lois failed to bring forward a scintilla of probative evidence that raises a genuine issue of material fact on the breach and causation elements of their legal malpractice cause of action. *See Smith*, 288 S.W.3d at 424; *Sudan*, 199 S.W.3d at 292. Consequently, we hold that the trial court did not err by granting Wilson's no-evidence summary judgment motion on Patrick and Lois's legal malpractice

12

cause of action. We overrule that portion of Patrick and Lois's first issue addressing their legal malpractice claim.

## V. BREACH OF FIDUCIARY DUTY

Wilson's traditional summary judgment motion claimed that the Gallagher's breach of fiduciary duty claim was improper because it was simply a restatement of their legal malpractice claim.

### A. Law on Fracturing Breach of Fiduciary Duty Claims

Generally, Texas courts do not allow plaintiffs to convert what are really negligence claims into claims for fraud, breach of contract, breach of fiduciary duty, or violation of the DTPA "because the 'real issue remains one of whether the professional exercised that degree of care, skill, and diligence that professionals of ordinary skill and knowledge commonly possess and exercise.'" *Kimleco Petroleum, Inc.*, 91 S.W.3d at 924 (quoting *Averitt v. PriceWaterhouseCoopers L.L.P.*, 89 S.W.3d 330, 333 (Tex. App.—Fort Worth, 2002, no pet.)). The focus of breach of fiduciary duty is whether an attorney obtained an improper benefit from representing a client, while the focus of a legal malpractice claim is whether an attorney adequately represented a client. *See id.* Breach of fiduciary duty often involves the attorney's failing to disclose conflicts of interest, failing to deliver funds belonging to the client, improperly using client confidences, or engaging in self-dealing. *Aiken v. Hancock*, 115 S.W.3d 26, 28 (Tex. App.—San Antonio 2003, pet. denied); *Goffney v. Rabson*, 56 S.W.3d 186, 193 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

13

Regardless of the theory a plaintiff pleads, as long as the crux of the complaint is that the plaintiff's attorney did not provide adequate legal representation, the claim is one for legal malpractice. *See Greathouse v. McConnell*, 982 S.W.2d 165, 172 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).

### B. Breach of Fiduciary Duty Claims Improper

Here, Patrick and Lois rely on the same conduct by Wilson for their breach of fiduciary duty claim as they do for their legal malpractice claim. They claim that Wilson breached his fiduciary duty by giving Patrick bad advice, failing to respond to discovery, failing to seek a release of a lis pendens on property, and improperly adding language into a contract for sale of the property. Patrick and Lois further allege that Wilson's "insistence on reaching a settlement with Garrett was based, at least in part, on Wilson's need to conceal his failure to respond to the requests for admissions and on Wilson's need to conceal the possible criminal repercussions of the sworn-to inventories he directed [Patrick] to execute."

But Patrick and Lois's allegations constitute claims for legal malpractice that do not amount to self-dealing, deception, or express misrepresentations in the course of Wilson's representation sufficient to support a separate cause of action for breach of fiduciary duty. *See, e.g.*, *Newton v. Meade*, 143 S.W.3d 571, 574 (Tex. App.—Dallas 2004, no pet.) (explaining that a cause of action claiming bad legal advice or improper representation is one for legal malpractice); *Aiken*, 115 S.W.3d at 29 (holding that allegations that lawyer falsely represented that he

14

and expert witness were prepared for trial and failed to reveal that he and expert witness were, in fact, not prepared for trial did not allege "self-dealing, deception, or express misrepresentations in [the lawyer's] legal representation" to support separate cause of action for breach of fiduciary duty); *Kimleco Petroleum, Inc.*, 91 S.W.3d at 924 (holding that crux of claim that lawyer negligently failed to timely designate expert witness and misled clients into believing case was ready for trial stated claim for legal malpractice, not breach of fiduciary duty); *Goffney*, 56 S.W.3d at 193–94 (holding that client's allegation of breach of fiduciary duty against lawyers was "no more than a claim for legal malpractice" because acts did not "amount to self-dealing, deception, or misrepresentations"); *Greathouse*, 982 S.W.2d at 172–75 (holding that claims for breach of fiduciary duty were actually claims for legal malpractice because they were based on complaints that lawyer did not provide adequate legal representation). Accordingly, we hold that the trial court properly granted Wilson's motion for traditional summary judgment with respect to Patrick and Lois's breach of fiduciary duty claim. We overrule that portion of Patrick and Lois's second issue addressing their breach of fiduciary duty claim.

## VI. CONCLUSION

Having determined that the trial court properly granted no-evidence summary judgment for Wilson based on Patrick and Lois's legal malpractice cause of action and that the trial court properly granted traditional summary judgment for Wilson based on Patrick and Lois's remaining cause of action for

15

breach of fiduciary duty, we affirm the trial court's summary judgments. Because we affirm the trial court's summary judgments on these bases, we need not address Patrick and Lois's challenges to the other grounds on which the trial court's summary judgments could have been based. *See, e.g., Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989) (instructing us that if trial court's summary judgment does not specify the grounds upon which it is granted, we are to affirm the judgment if any of the theories advanced are meritorious).

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MEIER, JJ.

DELIVERED: August 26, 2010