George BRIGHTWELL, Appellant,

v.

Jerry Allen RABECK et al., Appellees.

No. 16941.

Court of Civil Appeals of Texas.

Fort Worth.

June 28, 1968.

Rehearing Denied July 19, 1968.

Brown, Day & Crowley, and Sam Day, Fort Worth, for appellant.

Touchstone, Bernays & Johnston, and Charles Beresford, Dallas, for appellee, Jerry Allen Rabeck.

Cantey, Hanger, Gooch, Cravens & Scarborough, and William B. David, Fort Worth, for appellee, Employers Cas. Co.

## OPINION

MASSEY, Chief Justice.

Plaintiff George Brightwell brought suit against Jerry Allen Rabeck for damages growing out of negligent collision. In the same suit he sued Employers Casualty Company, liability insurer of his own automobile as of the time of the collision. As an alternative to his cause of action against Rabeck, in the event it be determined that such cause of action was destroyed because and as the result of Employers' settlement of Rabeck's dam-

ages through the process of "friendly suit" (Rabeck having been a minor at time of such settlement), Brightwell asserted his right to damages as against the said Company because of its allegedly willful, malicious, arbitrary and/or negligent destruction of his cause of action in settling claim by the manner adopted.

Both Employers Casualty Company and Rabeck filed separate motions for summary judgment. They were heard and considered at the same time, and by one judgment both motions were granted.

We affirm the judgment for Employers Casualty Company. We do not consider the judgment for Rabeck subject to any action by us.

█ The basic purpose underlying liability insurance is that the insurer (for a consideration) accepts the responsibility to discharge the insured's obligation, if any, arising through negligent tort committed by the latter. The duties and responsibilities existent between the parties, insurer and insured, are contractual—and in any exact delineation thereof reference to the contract is necessary.

█ Generally, however, the insurer has the right to agree upon and effect a settlement with any third person it believes the insured is or may be obligated to for the payment of damages arising from tort—under the insurance contract the insurer believes to be in force and effect and enforceable as against it by the insured.

█ Ordinarily any settlement the insurer might make with such a third party would be proper to be treated as made *for and in behalf of* the insured. Such would always be true if the insured could be treated as having expressly or tacitly approved such a settlement in advance of its occurrence, or as having expressly or impliedly approved the settlement action after it occurred. However such settlement would not be proper to be considered as having been made *for and in behalf of*

the insured in all instances. Rather would it be correct to deem the settlement as one made *for and in behalf of* the insurer to discharge its own potential liability under the contract to which only it and the insured were privy—and in discharge of its own liability though, as an incident thereto, the insured's supposed liability to the third party would thereby become extinguished.

█ In a case where the insured has neither consented to the settlement before it occurred nor ratified such thereafter no principal of estoppel could necessarily have application to convert the insurer's settlement into one made *for and in behalf of* the insured. Nothing incident thereto would validate a contention by the third party that the settlement made of his claim for damages against the insured should be deemed as having been made or effected by the insured and therefore operative to inhibit the prosecution of a suit against him by such insured for damages the insured might claim resultant from the same casualty which occasioned the third party's damages. Neither would such a settlement constitute an admission against interest by the insured. See Jackson v. Clark, 351 S.W.2d 292 (Amarillo Civ.App., 1961, writ. ref. n. r. e.) and cases cited.

██ It follows—from what has been said—that an insurer desirous of effecting a settlement with a third party may accomplish such whether its insured approves or not. It might be that the presumption would properly arise that settlement with the third party was desired by the insured perforce his report of the casualty out of which the third party's claim for damages arose. That presumption would be inhibited or destroyed, however, if notice be served upon the insurer by the insured that the latter had or intended to make claim for damages against the third party, or otherwise placed the insurer on notice that the fact of the report should not mean that settlement

with or payment to the third party was desired.

■ Such was the condition of affairs when Employers Casualty Company settled with Rabeck. Though Brightwell had notified that company, as his insurer, of the facts giving rise to the claim against him by Rabeck he furthermore notified them that it was his intention to make a claim for damages done to him against said claimant.

Therefore the settlement made would be properly treated as having been made *for and in behalf of* Employers Casualty Company and not *for and in behalf of* Brightwell. Under such circumstances, evident in the record, Rabeck could not successfully claim estoppel as applied to suit for damages by Brightwell. If the law were otherwise it would be against public policy for the doors would be flung open for the perpetration of fraud in instances where the same insurer (or cooperative insurers) had liability insurance in effect on both automobiles involved in a collision and might be disposed to agree to settle the lesser claim so as to eliminate a prosecution of the greater. It would be unwise to declare a state of law offering temptation to employees of insurance companies who might be susceptible thereto.

■ In view of the fact that Rabeck was a minor the Employers Casualty Company concluded that it would be wise to accomplish the settlement it desired to make by promoting the filing of a suit in behalf of Rabeck as against Brightwell; in such proceeding to introduce evidence before the court demonstrative of the existence of questionable liability, damages, etc.—along with facts concerning proposed settlement; and, in view thereof to secure the court's approval or disapproval of a suggested settlement. All this was done and the entire transaction, filing suit and answer with hearing and judgment, was completed on the same day.

This procedure is called a "friendly suit". It is such at its institution and remains such if the proposed settlement is approved—with judgment rendered in accord. It has not the character of an adversary proceeding though it might acquire such character if the court refuses to approve the settlement suggested—or the parties thereto refuse to agree to accept a judgment awarding a settlement amount different from that proposed. In the event all parties do not agree upon the judgment to be entered the proceedings by way of "friendly suit" are at an end and the case, though still on the docket, becomes a case to be tried under procedure truly adversary. It is not a case litigated whether the settlement be approved or disapproved.

Unaware of such proceedings and without knowledge that suit naming him as defendant had ever been filed, Brightwell bided his time in filing his own suit against Rabeck. Thereafter he became fully acquainted with the facts. Believing it wise to do so he filed suit against both Rabeck and Employers Casualty Company. As against Employers his cause of action was for the same damages he would have been entitled to collect from Rabeck had such company not effected the settlement. Brightwell's theory was that the company's accomplishment of such settlement was wrongful and prejudicial, if and in the event its effect operated to destroy his right to recover damages from Rabeck.

Separate motions for summary judgment were filed by Employers Casualty Company and by Rabeck. The trial court rendered summary judgment for both defendants in the same judgment instrument in the cases as consolidated. Therefrom an appeal was taken.

The sole point of error presented on appeal read:

"The trial court erred in granting the motion for summary judgment filed by Appellee Employers Casualty Company."

It is therefore demonstrated that as the case reaches us on appeal the only interested appellee is Employers Casualty Company. This because no complaint is presented because of Rabeck's summary judgment.

Necessarily we discuss the propriety of the judgment in such respect despite the fact that no point of error complains thereof. The premise for entry of such judgment lay in the conclusion of the trial court that Brightwell's suit should have constituted the subject of a compulsory counterclaim to that presented in pleadings of Rabeck in the "friendly suit"; that since no such counterclaim was filed Brightwell's right to seek damages of Rabeck was forever foreclosed. In so holding the court recognized as authority the cases of Stringer v. Munnell, 390 S.W.2d 484 (Houston Civ.App., 1965, error refused); Beach v. Runnels, 379 S.W.2d 684 (Dallas Civ.App., 1964, error refused); and Harris v. Jones, 404 S.W.2d 349 (Eastland Civ.App., 1966, error refused). Only in the first case cited was an insured's insurer on notice that the insured desired to sue in his own behalf though in all the persons insured had been cited as defendants. In no case was an insured ignorant of the fact of suit. We do not consider the cases as controlling here.

Texas Rules of Civil Procedure 97, "Counterclaim and Cross-Claim", reads in part as follows:

"(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the Court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

T.R.C.P. 1, "Objective of Rules", reads as follows:

"The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be obtained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction."

The purpose of the Texas Rules of Civil Procedure is to be considered. The controlling rule is T.R.C.P. 1. Generally, the rules are but tools to be used in procedural conduct aimed at the objective of accomplishing justice. They are not ends within themselves, but are means to that end. If their application would effect injustice they are to be disregarded for that is the antithesis of their purpose. They should never be applied to defeat the "justice and right of the case" which Judge Phillips said in Gilmore v. O'Neil, 107 Tex. 18, 173 S.W. 203 (1915), was "what the law of a case ought to be." See the discussion under the rule in Vernon's Texas Rules of Civil Procedure.

We disagree with the conclusion of the trial court that provisions of T.R.C.P. 97(a) operated to cut off Brightwell's right to prosecute a suit for collection of his damages against Rabeck. Settlement by "friendly suit" would not be an "adversary proceeding" within the meaning and intent of such rule—as applied to the circumstances of this case. The adjudication against Brightwell's contention in this regard was erroneous. Inability to perpetrate fraud by effecting a settlement through common law release should not be enabled by alternative method of effecting settlement by "friendly suit".

Not to be forgotten, however, is the fact that complaint thereof is no

part of the appeal. Not being the subject of complaint we are powerless to reverse the trial court's judgment in respect thereto. We can only state our conclusion that Brightwell had the right to prosecute his suit against Rabeck and he would still have such right had it been preserved.

It necessarily follows that Brightwell's asserted right to judgment against Employers Casualty Company was non-existent. Brightwell could not be held to have any right against Employers merely because he no longer has a case against Rabeck. Under the circumstances described hereinabove Employers had the right to make the settlement it did make for its accomplishment resulted in no prejudice or injury to Brightwell.

The summary judgment in favor of Employers Casualty Company is affirmed. No action, either of affirmance or otherwise, is required or authorized as applied to the summary judgment in favor of Rabeck, no complaint thereof having been made to this court.