**Margaret Ellen JANES, et al.,
Appellants,**

v.

**COMMERCE FEDERAL SAVINGS &
LOAN ASSOCIATION, Appellee.**

No. 9022.

Court of Appeals of Texas,
Texarkana.

Aug. 10, 1982.
Rehearing Denied Sept. 7, 1982.

C. V. Flanary, Flanary, Flanary & Ashmore, Paris, for appellants.

James O. Faires, Faires & Garrett, Commerce, for appellee.

BLEIL, Justice.

Margaret Janes and others appeal from an adverse judgment. It declares that their statutory lien, securing payment of a debt owed by Henry Sparks before his death, is inferior to a lien arising from a deed of trust given by one of his heirs, covering real estate inherited from Sparks. We determine that the lien securing the debts of the decedent has priority over the deed of trust lien given after Sparks' death. Therefore, we reverse and render judgment.

■ This appeal arises from a proceeding in which both sides moved for a summary judgment. The trial court properly grants summary judgment when the record establishes the absence of any genuine issue of fact and the right to judgment as a matter of law. Tex.R.Civ.P. 166–A(c); *Town North National Bank v. Broaddus*,

569 S.W.2d 489 (Tex.1978). The parties have agreed that no fact issue exists and have asked for a judgment as a matter of law. Under these circumstances, when we determine that the trial court erred in deciding the legal issue before it, this court will render the judgment which the trial court should have. Tex.R.Civ.P. 434; *Martin v. Commercial Standard Fire & Marine Ins. Co.*, 505 S.W.2d 799 (Tex.1974).

■ Henry Sparks received treatment at the Janes Clinic and Hospital for several years before he died July 1, 1969. No will was admitted to probate nor was any administration taken out on Henry Sparks' estate. A son, W. B. Sparks, and a granddaughter, Elizabeth Henson, who each inherited an undivided one-half interest in his estate, survived Sparks. He died owing the Janes Clinic approximately $11,000.00. Elizabeth Henson, and her husband, borrowed money from Commerce Federal Savings & Loan Association to buy W. B. Sparks' undivided interest in certain tracts of real estate, giving to Commerce Federal a vendor's lien and deed of trust lien. Margaret Janes brought this action on behalf of the Janes Clinic and Hospital. She sought to establish that the lien arising under Tex. Prob.Code Ann. § 37 (Vernon 1980) to secure the payment of Henry Sparks' debts was superior to the deed of trust lien given to Commerce Federal on the real estate of Henry Sparks. The trial court disagreed and determined that Commerce Federal's lien was a first and superior lien with priority over the claim of the hospital and clinic.

■ Texas Probate Code Annotated § 37 (Vernon 1980) provides in part:

"... whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but ... shall still be liable and subject in their hands to the payment of the debts of the intestate; ...".

Debts against an estate constitute a statutory lien. *Van v. Webb*, 147 Tex. 299, 215 S.W.2d 151 (1948). This lien arises at the moment of death. *Blinn v. McDonald*, 92 Tex. 604, 46 S.W. 787 (1898); 17 Woodward & Smith, Probate and Decedent's Estates

§ 174 (1971). Because the lien in favor of the Janes Clinic and Hospital arose at the time Henry Sparks died, July 1, 1969, that lien has priority over the lien of Commerce Federal given it by one of Sparks' heirs November 17, 1969.

Margaret Janes also asserts that the trial court erred in severing the summary judgment from other aspects of the cause. The trial judge is given broad discretion in the matter of severance and consolidation of causes. *Cherokee Water Co. v. Forderhause,* 641 S.W.2d 522, 25 Tex.Sup.Ct.J. 470 (Tex.1982); *McGuire v. Commercial Union Insurance Co. of N. Y.,* 431 S.W. 2d 347 (Tex.1968). Under the facts of this case we find no abuse of discretion.

We reverse the judgment declaring that Commerce Federal's deed of trust lien has priority over the Janes' lien for the decedent's debts and render judgment that the Janes' lien has priority over Commerce Federal's lien.