MEMBERS MUTUAL INSURANCE
COMPANY, Petitioner,

v.

HERMANN HOSPITAL, Respondent.

No. C-2581.

Supreme Court of Texas.

Feb. 15, 1984.

Hudgins, Hudgins & Warrick, Edward A. Mattingly, Lawrence B. Greer, Houston, for petitioner.

Sullins, Johnston, Rohrbach & Magers, Mark A. McLean, Houston, for respondent.

SPEARS, Justice.

The issue in this case is whether the insurance proceeds from uninsured/underinsured motorists coverage are subject to a statutory hospital lien. The trial court held that the proceeds were subject to the lien and granted summary judgment in favor of the hospital. A divided panel of the court of appeals affirmed. 659 S.W.2d 132. We reverse the judgments of the trial court and court of appeals and render judgment that Hermann Hospital take nothing.

The facts are not disputed. Dorothy Jean Hall had an automobile liability insurance policy issued by petitioner, Members Mutual Insurance Company. The insurance policy included uninsured/underinsured motorists coverage obligating Members Mutual "to pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury or property damage ...." On August 26, 1978, Hall was involved in an automobile accident with William Landry, an uninsured motorist. George Walker, a passenger in Hall's car, suffered injuries and was hospitalized at Hermann Hospital.

Respondent, Hermann Hospital, charged over $60,000.00 for services to Walker and filed notice of its hospital lien with the county clerk as provided by Art. 5506a, § 4.[1] Walker subsequently sued Landry, the uninsured driver of the other car, and Members Mutual for recovery under the uninsured motorists coverage provision of Hall's policy. Walker died while the suit was pending, and Members Mutual paid $7,000 to Walker's heir. Hermann Hospital received no money from the settlement and was not a party to the release signed by

Walker's heir. Hermann Hospital then sued Members Mutual to impose an art. 5506a hospital lien on the uninsured motorists benefits which had already been paid by Members Mutual.

Both parties moved for summary judgment, agreeing that the sole issue of law was whether a hospital lien attaches to the settlement proceeds of uninsured motorists insurance. The lower courts held that a lien in favor of Hermann Hospital did attach to the payments and that Members was liable to the hospital for the $7,000 paid to Walker's heir.

We must determine whether the proceeds of uninsured motorists coverage are within the scope of art. 5506a. Article 5506a was enacted in 1933 to provide for liens in favor of hospitals. The purpose of the act was to encourage hospitals to provide immediate care and treatment to persons injured in accidents, and to compensate hospitals for the vast sums of money being lost when treating patients who were unable to pay. Hospital Lien Act, ch. 85, § 5, 1933 Tex. Gen.Laws 182, 185; *Baylor University Medical Center v. Borders*, 581 S.W.2d 731, 733 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). When a person is hospitalized for personal injuries, the hospital has a lien on any and all rights of action, suits, claims, counter-claims, or demands the person may have against another whose negligence caused the injuries. Art. 5506a, § 1. The proceeds of any settlement with the negligent person, as well as any verdict, report, decision, decree, award, judgment, or final order, are also subject to a lien. Art. 5506a, § 2.

The legislature specifically exempted from the statutory lien "the proceeds of any insurance policy in favor of the injured party, his beneficiaries, or legal representatives." A lien does attach, however, to "public liability insurance carried by the insured to protect him against loss or damage as a result of any accident or collision

---

1. Unless otherwise noted, all references are to Tex.Rev.Civ.Stat.Ann. Article 5506a has been codified at Tex.Prop.Code Ann. §§ 55.001–.008.

Act of Jan. 1, 1984, ch. 576, §§ 55.001–.008, 1983 Tex.Sess.Law Serv. 3561–65 (Vernon).

covered by said public liability insurance policy." Art. 5506a, § 4c. It is clear from the quoted language that a lien attaches to insurance proceeds only if they are paid under a "public liability insurance policy." The question, then, is whether uninsured motorists coverage is included in the term "public liability insurance."

The term "public liability insurance" has been defined as: "[i]nsurance liability protection against claims arising out of the insured's property, conduct or the conduct of his agent," Black's Law Dictionary 724 (rev. 5th ed. 1979); "general liability insurance, or insurance such as protects a person against loss or liability by reason of personal injuries to other than employees," 1 G. Couch, *Couch on Insurance* § 1:93 (Rev.2d Ed. 1984); and "insurance . . . to indemnify the insured against loss by reason of legal liability . . . ," 2 R. Long, *The Law of Liability Insurance* § 10.01 (1983).

■ The common element of these definitions is the focus on the insured's liability. A public liability policy does not protect the insured against injuries suffered by the insured himself in an accident; rather, it insures against damage claims for which the insured might become liable. *Cain v. American Policyholders Ins. Co.,* 120 Conn. 645, 183 A. 403, 407 (1936).

These definitions are in accord with Texas decisions defining and discussing the term "liability insurance." The court in *Brightwell v. Rabeck,* 430 S.W.2d 252 (Tex. Civ.App.—Fort Worth 1968, writ ref'd n.r. e.), held that "the policy underlying liability insurance is that the insurer . . . accepts the responsibility to discharge the insured's obligation, if any, arising through negligent tort committed by the latter." *Id.* at 255. This statement is consistent with *Glover v. National Insurance Underwriters,* 545 S.W.2d 755 (Tex.1977), where this court described an aviation liability insurance policy as "an insurance policy designed to protect

one from the consequences of one's own negligence." *Id.* at 763; *see also City of Beaumont v. Ranger Insurance Co.,* 505 S.W.2d 934, 935 (Tex.Civ.App.—Beaumont 1974, writ ref'd n.r.e.); *Purcell v. Metropolitan Casualty Insurance Co.,* 260 S.W.2d 134, 139 (Tex.Civ.App.—Fort Worth 1953, no writ); *Pageway Coaches, Inc. v. Bransford,* 71 S.W.2d 561, 562 (Tex.Civ.App.—Eastland 1934), aff'd 129 Tex. 327, 104 S.W.2d 471 (1937); *Continental Oil Co. v. Bonanza Corp.,* 677 F.2d 455, 459 (5th Cir.1982); 44 C.J.S. *Insurance* § 21 (1945).

This definition of "liability insurance"—insurance covering damage the insured does to others—is not a new one. In the years immediately preceding and following 1933, when the legislature chose the term "public liability insurance" to describe the type of insurance subject to a hospital lien, courts in several jurisdictions had defined liability insurance in this manner. *See Pageway Coaches, Inc. v. Bransford,* 71 S.W.2d 561, 562 (Tex.Civ.App.—Eastland 1934), aff'd 129 Tex. 327, 104 S.W.2d 471 (1937); *State ex rel. Travelers' Indemnity Co. v. Knott,* 114 Fla. 820, 153 So. 304 (1934); *Zieman v. U.S. Fidelity & Guaranty Co.,* 214 Iowa 468, 238 N.W. 100, 102 (1931); *Twichell v. Hertzel,* 145 Kan. 139, 64 P.2d 557, 559 (1937); *Dunn v. Jones,* 143 Kan. 218, 53 P.2d 918, 921 (1936); *Globe Indemnity Co. v. Sulpho-Saline Bath Co.,* 299 F. 219, 221 (8th Cir. 1924); *Employers' Liability Assurance Corp. v. C.E. Carnes & Co.,* 24 F.Supp. 128, 135 (W.D.La.1938). These contemporary definitions are persuasive evidence of what the legislature intended when it used the phrase.[2]

■ In contrast to liability insurance, uninsured motorists coverage protects insureds against negligent, financially irresponsible motorists. *Francis v. International Service Insurance Co.,* 546 S.W.2d 57, 61 (Tex.1976); *Employers Casualty Co. v. Sloan,* 565 S.W.2d 580, 583 (Tex.Civ.App.—

---

**2.** Later cases reaffirm this definition. *See Cushing v. Maryland Casualty Co.,* 198 F.2d 536, 538 (5th Cir.1952); *Ahmed v. American S.S. Owners Mutual Protection & Indemnity Association, Inc.,* 444 F.Supp. 569, 571 (N.D.

Cal.1978); *Vines v. U.S. Fidelity & Guaranty Co.,* 267 F.Supp. 436, 437, 438 (S.D.Tenn.1967); *Twin City Fire Insurance Co. v. Wilkerson,* 247 F.Supp. 766, 767 (E.D.Tenn.1965).

Austin 1978, writ ref'd n.r.e.). Here, the uninsured motorists coverage did not protect the insured from liability for damages caused to others, thus it does not fit within the definition of liability insurance or public liability insurance. We therefore hold that the proceeds of uninsured motorists coverage are not subject to a hospital lien under art. 5506a.

Hermann Hospital argues that uninsured motorists coverage must be a type of liability insurance because art. 5.06–1 of the Insurance Code mandates that uninsured motorists coverage be provided in every liability insurance policy. We disagree. The inclusion of other coverages within a liability insurance policy does not compel the conclusion that the other coverages are also liability insurance.

Hermann Hospital further contends that a lien should attach to uninsured motorists coverage in order to further the statutory aim of compensating hospitals. The lien granted by the statute, however, is not to be extended without limit. The legislature expressly excluded all insurance proceeds other than "public liability insurance." "When construing a statute, the courts must read words according to their ordinary meaning unless a contrary intention is apparent from the context." *Taylor v. Fireman's & Policeman's Civil Service Commission,* 616 S.W.2d 187, 189 (Tex.1981). We find that the legislative intent is clear from the language chosen. The phrase "public liability insurance" does not include insurance for the insured's own protection.

The judgments of the courts below are reversed. In the trial court, the only issue presented was a question of law, and both parties moved for summary judgment. In this situation, the proper disposition is for this court to render judgment for the party whose motion should have been granted. TEX.R.CIV.P. 434, 505, *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400–01 (1958); *Janes v. Commerce Federal Savings & Loan Association,* 639 S.W.2d 490, 491 (Tex.Civ. App.—Texarkana 1982, writ ref'd n.r.e.); *see also Ackermann v. Vordenbaum,* 403 S.W.2d 362, 364–65 (Tex.1966). Judgment is hereby rendered for petitioner, Members Mutual Insurance Company, that respondent, Hermann Hospital, take nothing.

WALLACE, J., not sitting.